IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHEENA KHAN *et. al.* <br> *Plaintiffs*, | ) <br> ) <br> ) No. 16-cv-8668 |
| v. <br> BOARD OF EDUCATION OF THE <br> CITY OF CHICAGO, *et. al.* <br> *Defendants*. | ) The Honorable Judge Manish S. Shah <br> ) Magistrate Judge Hon. Jeffrey T. Gilbert <br> ) <br> ) |

## AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, LIMITED DISCOVERY AND PRELIMINARY INJUNCTION

Plaintiff, Shaheena Khan ("Shaheena"), on her own behalf; as next friend for EKB, a minor child; and on behalf of Local School Council for Aldridge Elementary School ("LSC"), pursuant to Rule 65 of the Federal Rules of Civil Procedure, hereby requests this Honorable Court to enter an Order for TRO and Preliminary Injunction against Defendants, Board of Education of the City of Chicago ("CBE"), Karen Saffold ("Saffold"), Ronald Marmer ("Marmer"), James Ciesil ("Ciesil"), Forrest Claypool ("Claypool") and Sedgwick Claims Management Services, Inc ("Sedgwick"). In support of her motion, Plaintiff states as follows:

1. On August 24, 2016, Karen Saffold ("Saffold"), CBE's agent, acting in retaliation against Shaheena Khan ("Shaheena"), Principal for Aldridge Elementary School ("Aldridge"), for exercising her first amendment right to speak out against waste of public resources, removed Shaheena from her guaranteed contract position as principal for Aldridge, and banned her from Aldridge "or any CPS location for any reason, without written authorization from" Saffold, without an opportunity for a hearing. Saffold confiscated Shaheena's work laptop and disabled access to her CPS email account and internet portal, denying her access to her work product and obstructing potential investigations into Shaheena's December 2015 attempted waste report and April 8, 2016 waste complaint against Saffold.

2.    Shaheena has two successive employment contracts with the Local School Council for Aldridge Elementary School ("LSC") that entitle her to serve as the Principal for Aldridge until June 30, 2021 that can only be terminated for cause. (SM[1], Ex.1, ¶3). The contracts "create rights specific enough to be enforced in state court by awards of damages or specific performance," and therefore create "a legitimate claim of entitlement." *Mid-Am. Waste Sys., Inc. v. City of Gary, Ind.*, 49 F.3d 286, 290 (7th Cir. 1995).  CBE effectively terminated Shaheena's employment on August 24, 2016 by suspending her indefinitely without an opportunity for appeal and a meaningful hearing. *Ores v. Vill. of Dolton*, 152 F. Supp. 3d 1069, 1081 (N.D. Ill. 2015)(recognizing "some mechanism to challenge the unilateral decision of a single decisionmaker," here, Forrest Claypool, CBE's Chief Executive Officer)(citing *Cholewin v. City of Evanston*, 899 F.2d 687, 690 (7th Cir. 1990).

3.    CBE first claimed that the removal was based on a purported confidential Corrective Action Plan. After Shaheena exposed fatal flaws in its reasoning, it now claims that it was based on Aldridge's purported failure to make "adequate progress" under an unconstitutional, remnant 1991 state statute, 105 ILCS 5/34-8.3(d)("§8.3(d)"), that is preempted by 2002 and 2015 amendments to the Elementary and Secondary Education Act of 1965 ("ESEA").  The Illinois Attorney General has declined to defend the constitutionality of §8.3(d). (SM, Ex.15).

4.    On December 22, 2016, CBE set a deadline for documents to be presented at the §8.3(d) hearing for December 29, 2016, even though it maintains that discovery is not allowed under its rules. On December 15, 2016 and January 2017, CBE gave Shaheena notice of a hearing to be held on February 13, 2017 and February 17, 2017 pursuant to §8.3(d). CBE has failed to provide the public or members of the Aldridge school community notice of the hearing, in violation of the

---

[1] [SM refers to the memorandum in support of this motion, which is contemporaneously filed].

Illinois Open Meetings Act and CBE's past practices. It has threatened to ban members of the public from participating in the hearing, effectively preventing Shaheena from presenting any witnesses to help her defend her claims. Under Illinois law, there is a presumption that a violation of the Open Meetings Act causes a distinctly public harm. *Roxana Cmty. Unit Sch. Dist. No. 1 v. WRB Ref., LP*, 2012 IL App (4th) 120331, ¶ 26, 973 N.E.2d 1073, 1080 (affirming grant of preliminary injunction).

5.  In 2001, Congress enacted amendments to ESEA. § 1111(b)(2) of ESEA requires Illinois to develop and implement a single, statewide accountability system for Title I schools. § 1111(b)(2) applies to Illinois and Aldridge. §8.3(d), which only applied to Chicago, is preempted by ESEA because it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" and "interferes with the methods by which" ESEA is designed to implement accountability in Title I schools by deviating from federal standards. *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1051 (7th Cir. 2013). It is also preempted because ESEA "preempts the laws of any State to the extent that such laws are inconsistent" with ESEA. *See* 20 U.S.C. § 6735. §8.3(d) is inconsistent with ESEA.

6.  Although research shows that principals need about five years to positively impact a school's performance (Seashore-Louis, et al. 2010), Shaheena led Aldridge to its best performance in nine years after just three years on the job. (SM, Ex.1, ¶29(g)). The LSC evaluated her work favorably and renewed her contract. (SM, Ex.1, ¶29)(SM, Ex.2). Aldridge met state expectations[2] and was never placed on probation by the State. (SM, Ex.1, ¶27); (SM, Ex.3)(showing that

---

[2] § 2-3.25 of the Illinois School Code and § 1.20(b)(2) of the Regulations of the Illinois State Board of Education empower the state to place a school or school district that is not meeting expectations on probation. Aldridge was never placed on probation by the State during Shaheena's tenure. (SM, Ex. 1,¶27).

Aldridge is not among the schools that the Illinois State Board of Education identified as requiring intensive support during the 2015-2016 school year, pursuant to ESEA).

7. The pending §8.3(d) hearing does not provide adequate due process. CBE provided Shaheena with its claims for the first time on December 15, 2016. (SM. Ex. 17, ¶9). Shaheena has a serious medical condition and is currently "unable to participate in strenuous mental activities that require attention to detail." (SM, Ex.5). She started taking new medication around December 23, 2016 that might "affect her cognitive abilities including occasional memory lapses". (Doc. 116, Ex. 2). She has not had an opportunity to review CBE's claims, and will not be able to adequately prepare for the February 13, 2017 hearing. (SM, Ex.17, ¶¶9-10). In fact, her symptoms have become worse, and she had to seek emergency medical attention on February 4, 2017. In the event of an incorrect decision or unfair process, Shaheena is not afforded a prompt, post-termination hearing with full due process protection. *Baird v. Bd. Of Educ. for Warren Cmty. Unit Sch. Dist. No*. 205,389 F.3d 685, 692 (7th Cir. 2004).

8. On January 20, 2017, while fully aware of Shaheena's medical condition, CBE issued a letter purportedly reassigning Shaheena to an unspecified position to carry out unspecified duties, and directed her to apply for disability benefits with a third-party entity. (Doc. 140, Ex.1). Despite requests, neither CBE nor the third-party entity have provided clarifications regarding the disability benefits. Given that Shaheena was reassigned to "home" on August 24, 2016 and has not worked since then, there is a real risk that the third-party entity or disability insurance provider might consider her "unemployed" for insurance purposes, which would put her at risk of losing critical medical care. For this reason alone, Shaheena requests that the Court enter a narrowly tailored injunctive relief preserving the *status quo* to avoid potential chaos that could put Shaheena's livelihood and health at risk.

9. On January 27, 2017, Shaheena's counsel wrote CBE and advised it to "work with Sedgwick to do place Shaheena on disability or medical leave, and" to keep him "informed on all activities." (SM, Ex.18).

10. On February 8, 2017, CBE wrote Shaheena claiming that she has not "applied for a medical leave," but that Sedgwick "has informed the Board that the submitted doctors' notes are sufficient to grant" her leave under the Family Medical Leave Act "retroactive from January 30, 2017," in essence threatening to cut off livelihood effective January 30, 2017 and deprive her of the money she needs to purchase medication and pay for insurance deductibles." (SM, Ex.19).

11. An emergency exists because Shaheena's current medical condition impairs her ability to (1) work, and (2) meaningfully participate in the hearing scheduled for February 13, 2017. CBE have and Sedgwick have refused to place here on short-term disability in violation of Illinois law (740 ILCS 110/6). CBE has refused to grant her request for a reasonable continuance to enable her to get better and prepare to defend its claims. Unless relief is granted, CBE will cut off her livelihood and put her at a serious risk of losing access to critical medical care. CBE could terminate her employment and benefits and put her at risk of losing critical medical care. The statute upon which the claims are based is also unconstitutional and preempted by federal law. CBE's positions also keep changing on an almost weekly basis and could evade review in a way that is unconstitutionally prejudicial to Shaheena. CBE has refused to provide public notice of the purported §8.3(d) hearing and threatened to bar Shaheena's witnesses from the hearing, in violation of the Illinois Open Meetings Act. A threatened violation of the Open Meetings Act "causes a distinctly public harm." *Roxana Cmty*, 2012 IL App (4th) 120331, ¶ 26.

12. Under Illinois law, the official bodies responsible for establishing policy regarding the hiring of principals are the local school councils and the Board of Education. *See* ILCS 105 5/34–

2.1. Absent an injunction, the LSC, Aldridge community, parents and guardians will be deprived of the Principal of their choice for an indefinite period of time, without adequate process of law.

13. The hearing guidelines will deprive the LSC of the right to select a principal indefinitely. (SM, Ex.4, §III(c)). Even if Plaintiffs ultimately prevail, the LSC, parents and guardians will have lost their right to select a Principal for Aldridge without a fair opportunity to be heard, and this loss cannot be compensated with money. Shaheena will also lose her eligibility to be a Principal at any CPS school even though Aldridge met all State expectations and she did not cause Aldridge's perceived problems. The procedures do not provide a prompt post-termination procedure that allows Shaheena to regain her eligibility.

14. Immediate injunctive relief is necessary. Shaheena has a substantial likelihood of success on the merits; there is no adequate remedy at law; and the balance of harms and public interest favor injunctive relief. *Roxana Cmty* 120331, ¶ 26 (noting that there is a presumption that a violation of the Open Meetings Act causes a distinctly public harm);*Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547 (1976)("loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *Bonds v. Heyman*, 950 F.Supp. 1202, 1215 (D.D.C.1997)(concluding that plaintiff's loss of job, income, pension, health and life insurance, and lack of prospect of finding a similar job constituted irreparable harm); *Risteen v. Youth For Understanding, Inc*., 245 F. Supp. 2d 1, 16 (D.D.C. 2002)(concluding that loss of critical medical attention constitutes irreparable harm).

15. For the above reasons, additional facts and legal arguments that are set forth in detail in Shaheena's accompanying memorandum of law, Shaheena respectfully requests that this Honorable Court:

1.  Enter a Temporary Restraining Order without a bond:

A. Prohibiting Board of Education of the City of Chicago from holding any and all 105 ILCS 5/34-8.3(d) hearings until further order of this Court;

B. Prohibiting Board of Education of the City of Chicago from reassigning Shaheena Khan's 2013 and 2016 Contracts without adequate due process of law before final resolution of this litigation;

C. Prohibiting the Board of Education of the City of Chicago from formally terminating Shaheena Khan's employment without adequate due process of law before final resolution of this litigation;

D. Reinstating Shaheena Khan to her "home" assignment until further Order of Court;

E. If appropriate, ordering the Board of Education of the City of Chicago and Sedgwick Claims Management Services, Inc., to place Shaheena Khan on short-term disability benefits;

F. Ordering the Board of Education of the City of Chicago to continue paying Shaheena Khan's contractually guaranteed salary and benefits until she receives adequate due process of law and this litigation is resolved.

2. Set an evidentiary hearing date as soon as practicable, after relevant limited discovery concludes, for Shaheena's Motion for Preliminary Injunction.

3. Enter a Preliminary Injunction finding Defendant's actions likely unlawful.

4. Enter an Order Granting Shaheena's reasonable attorneys' fees, costs and expenses incurred in this litigation.

5. Enter an Order Granting Shaheena any such further relief that is appropriate under the circumstances.

Respectfully submitted on this February 8, 2017, by counsel for Plaintiffs


By:/s/ Eric Onyango

Eric Onyango
Primetime Legal, LLC
222 North Columbus Drive, #1507
Chicago, IL 60601