IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHEENA KHAN *et. al.* )<br>  *Plaintiffs*, )<br> )<br> v. )<br> BOARD OF EDUCATION OF THE )<br> CITY OF CHICAGO, *et. al.* )<br>  *Defendants*. ) | No. 16-cv-8668<br>The Honorable Judge Manish S. Shah<br>Magistrate Judge Hon. Jeffrey T. Gilbert |

## MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF 15 PAGES

Plaintiff, Shaheena Khan ("Shaheena"), on her own behalf; as next friend for EKB, a minor child; and on behalf of Local School Council for Aldridge Elementary School ("LSC"), pursuant to Local Rule 7.1, hereby respectfully requests this Honorable Court to enter an Order granting her leave to file a brief in excess of 15 pages. In support of her motion, Plaintiff states as follows:

1. On February 7, 2017, Plaintiff filed an emergency motion for a TRO and Preliminary Injunction to stop a purported 8.3(d) hearing in part on the basis that the statute is unconstitutional and in part because it is preempted by federal law. Plaintiff's supporting memorandum was 15 pages long.

2. On January 27, 2017, Plaintiff's counsel wrote to Defendant Board of Education advising it of Shaheena's medical impairment and asking it to "work with Sedgwick to do place Shaheena on disability or medical leave, and" to keep him "informed on all activities." (Doc. 146, Ex.18). This is because Shaheena cannot presently apply for medical leave herself. She cannot provide informed consent to release all her medical information to unidentified employees of the Board, its contractors, their employees and contractors. Furthermore, the online link that Sedgwick makes available to the Board's employees is not available to Shaheena because her access to the Board's online portal is revoked.

1

3. Illinois law provides that "[r]efusal to consent to the disclosure of more information than is necessary to apply for or receive direct benefits shall not be grounds for in any way denying, limiting, or cancelling such benefits or refusing to accept an application or renew such benefits. Such information shall not be redisclosed except as provided in this Act." 740 ILCS 110/6.

4. On February 8, 2017, Plaintiff received a letter from Defendant Board of Education indicating that it intends to place her on an *unpaid* leave pursuant to the Family Medical Leave Act of 1993 by February 9, 2017, retroactive to January 30, 2017, effectively cutting off her livelihood. (Doc. 146, Ex. 19). The letter suggested that the Board has not worked with Sedgwick to place Shaheena on short-term disability as requested. The letter also suggested that Plaintiff has been "absent from work without an approved basis for six (6) days."

5. Plaintiff believes that Board rules permit the Board to terminate employment if an employee is absent without medical leave after 10 days. The Board has refused, despite requests, to provide Plaintiff with its current rules and regulations, so the duration could be shorter. It has also refused to assure Plaintiff that it will honor all its obligations pursuant to her 2013 employment agreement.

6. Plaintiff depends on her contractually-guaranteed salary to purchase prescription medication and for her livelihood. The Board's sudden change of position forced Plaintiff to seek immediate injunctive relief to reinstate her to her "home" reassignment, until the status of her disability application and approval can be determined. To fully brief the court on these issues, it became necessary for Plaintiff to seek injunctive relief based on her claim that the Board's short-term disability rules are unlawful, and that she is entitled to a judgment for reformation of her employment contracts because she never agreed for them to be re-assigned.

7. Additional briefing in such a short time made it necessary for Plaintiff to prepare a brief that is 2 pages beyond the permitted limit.

8. For the above reasons, Plaintiff, Shaheena Khan, respectfully requests that this Honorable Court enter an Order, granting her leave to file a brief in excess of 15 pages, document No. 146.

Respectfully submitted on this February 8, 2017, by counsel for Plaintiffs

By:/s/ Eric Onyango

Eric Onyango
Primetime Legal, LLC
222 North Columbus Drive, #1507
Chicago, IL 60601