# EXHIBIT 1

**DECLARATION OF SHAHEENA KHAN**

I, Shaheena Khan, declare:

1. I am more than twenty-one years of age. I make this declaration based on my personal knowledge, except where otherwise indicated.

2. I was born and raised in Chicago, Illinois near Altgeld Gardens, a low-income housing project in the South Side that has historically served African-Americans. I attended Aldridge Elementary School ("Aldridge") and Hyde Park Career Academy for high school. I earned a B.A. from Aurora University in 1993, and a M.A., Curriculum & Instruction from DePaul University in 1996.

3. I have been employed by Chicago Public Schools ("CPS") almost continuously in various roles since around 1996. I started my career as a teacher and was promoted to literacy coach, manager of professional development, director of curriculum, interim principal, and served as an interim network Chief Academic Officer supervising several schools. My last appointment was as a contract principal of Aldridge Elementary School ("Aldridge"), beginning July 1, 2013 until June 30, 2017 in June 2013; and again from July 1, 2017 until June 30, 2021 on July 21, 2016. According to both of my contracts, I am supposed to be paid an annual salary and all benefits for which full-time, regularly appointed certificated employees are eligible. I believe that my contracts can only be terminated for cause. I have performed all of my obligations under the contract that I signed in June 2013. I intend to perform all of my obligations under the contract that I signed on July 21, 2016.

4. My professional goal, interest and choice since I graduated from college has always been to serve as a principal for elementary schools in Chicago, especially Aldridge Elementary School.

1

5.   The local school council for Aldridge Elementary School renewed my contract on July 21, 2016. I delivered copies of the renewed contract to the Board of Education and to Karen Saffold on July 29, 2016. I understood the language on my first contract that I signed in 2013 to mean that the Board of Education could challenge the renewal of my contract within 15 days after they received a copy of my new contract. The Board of Education did not challenge the renewal of my contract within 15 days after it received it. As a result, I felt secure in my job as Principal for Aldridge Elementary School and believed that I would serve until June 30, 2021 and did not look for other employment opportunities.

6.   On or about August 22, 2016, Karen Saffold invited me to a meeting on August 24, 2016. The invite for the meeting did not include the subject, topic or purpose, and the list of attendees was blocked. A copy of the invite is attached to this declaration as Exhibit A. When I spoke to Karen Saffold's secretary to inquire about the meeting, she told me that the purpose of the meeting was to discuss my open budget requests. When I arrived at the meeting, Saffold, accompanied by Brian Ali and Kim Ross, gave me a letter stating that she had reassigned me as principal for Aldridge to my home, and directing me "not to return to Ira F. Aldridge Elementary School or any CPS location for any reason, without written authorization from" her. I understood the letter to mean that if I visited any CPS school for any reason, I could be arrested for trespass. Saffold asked me to give her my laptop, district identification card, and keys to the school, and I complied with her request. I was not given an opportunity to defend my work. Later that day, my email account and access to CPS internet portal were disabled.  I believe that the reassignment was a suspension. During my employment as principal for Aldridge, I

performed all my work on the laptop that Saffold took, and kept most work on the CPS internet portal that I was required to use.

7.   When I served as Principal for Aldridge, I was also a member of the local school council.  I believe that I am still a lawful member of the Aldridge local school council.

8.   During my time as principal for Aldridge, as best as I can recall, I attended all meetings of the local school council except the ones where the evaluation of my performance or renewal of my contract were considered or discussed. Karen Saffold never attended any meetings held by the local school council that I also attended.

9.   During my time as principal for Aldridge, as best as I can recall, the local school council did not receive a school improvement plan from Karen Saffold. The only plan the local school council had when Karen Saffold was my supervisor was the 2014 Continuous Work Improvement Plan ("2014 CIWP").

10. During my time as principal for Aldridge, as best as I can recall, the local school council did not receive any copy of the procedures or guidelines governing the removal of principals of the Board of Education of the City of Chicago that were enclosed in the letter dated September 2, 2016 that Forrest Claypool sent to me, or any other similar documents. As best as I can recall, the local school council did not agree to the procedures or the guidelines.

11. During my time as principal for Aldridge, as best as I can recall, the local school council did not receive any notice at any time that I could be removed as principal for Aldridge.

12. As principal for Aldridge, I had the primary responsibility for drafting the school's budget and initiating any amendments to it.  I could make proposed amendments to the

3

budget by filling out a pre-printed form. A sample copy of the form is attached to this declaration as Exhibit B. I also had a duty to inform the Aldridge local school council, Parents Advisory Council ("PAC") and my supervisor of any proposed changes to the budget.

13. Around September 2015, Karen Saffold pressured me to only make Aldridge purchases from her "people" rather than vendors who could provide the best quality and pricing for school services and supplies. When I told her that I was uncomfortable with her directives, she threatened to "put paper on me." I understood this to mean that she would make false complaints against me.

14. Around December 2015, Saffold gave me a document labeled "Memorandum of Understanding," in which she accused me of failing to complete tasks that she never assigned to me or discussed with me.

15. In December 2015, I complained about Saffold to her supervisor, Elizabeth Kirby ("Kirby"). I told Kirby that I was not comfortable with Saffold's directive that I should only spend Aldridge's money on certain vendors because I considered it to be an attempt to waste Aldridge's public money. In February 2016, Karen Saffold gave me a document titled "Corrective Action Plan" that contained confusing tasks with unrealistic deadlines. She refused to explain the contents of the document to me. Shortly after that she restricted my access to the Aldridge Budget system and made it impossible for me to even make purchases for basic school supplies like toilet paper.

16. Around March or April 2016, Scholastic delivered some hard copies of school materials that I had already purchased in electronic format at much lower cost. When I looked into the documentation for the materials, I realized that their cost exceeded what

was appropriated in the budget. A few weeks after the books were delivered, representatives from Scholastic came to Aldridge to train teachers on how to use the materials.

17. On or about April 2016, I informed representatives of Scholastic, Inc that I had not requested the materials and training that they delivered to Aldridge.

18. During my time as principal for Aldridge, I was familiar with the school's budget that was approved in FY16, which covered the period beginning approximately July 1, 2015 and ending June 30, 2016. As best as I can recall, neither I nor the local school council created any amendments to change the allocated amount of money for the purchase of hard copies of school materials and training services from Scholastic, Inc. ("Scholastic"), that the company delivered to Aldridge on or about April 2016.

19. On April 8, 2016, I sent an email to the Chicago Public Schools Inspector General using the published email address, inspectorgeneral@cpsoig.org, to report that I suspected that Karen Saffold had wasted Aldridge's money. A true copy of the text of the email is attached to this declaration as Exhibit C. I did not receive any notification that my email was not delivered. I later sent similar complaints to law enforcement agencies because I believed that Karen Saffold might have violated local, state and federal laws.

20. Sometime after I sent the email, I met with two investigators from the Inspector General's office. One of them told me that his name was Jauren Etchie. They told me that they would visit Aldridge to collect evidence about my complaint. They also told me that they did not want Karen Saffold to know about my complaint. They stated that they would be discrete. They never came to Aldridge to collect the evidence.

21. I did not authorize anyone to settle any claims related to a Warning Resolution by Chicago Public Schools or the Board of Education of the City of Chicago on or before April 11, 2016. I do did not believe then, and do not believe now that there was any basis for the Board of Education of the City of Chicago or Chicago Public Schools to publish a warning resolution against me because I have not engaged in any misconduct.

22. Sometime around June 2016, Karen Saffold and Brian Ali told me in writing that they were aware of my December and April waste complaints about Karen Saffold.

23. Around June 30, 2016, Saffold read the letter to me loudly in front of LaTanya McDade, a senior CPS leader who I believe was at the time responsible for supervising several schools, and I now believe is the head of Teaching and Learning department. I felt ashamed, afraid and isolated when I learned that the inspector general office had contacted Karen Saffold before coming to Aldridge to collect evidence about my complaint. James Ciesil, who works for CPS, denied my request for my attorney to be at the meeting and threatened that I could be charged with insubordination if I did not attend the meeting. I only agreed to attend the meeting because I did not want to be accused of insubordination and because James Ciesil stated to my attorney that the meeting was "not disciplinary in nature."

24. During my time as principal for Aldridge, as best as I can recall, I did not receive any copy of the procedures or guidelines governing the removal of principals of the Board of Education of the City of Chicago, or any of the documents enclosed in Forrest Claypool's letter to me that is dated September 2, 2016, or any other similar documents. As best as I can recall, I did not agree to the procedures or guidelines. Had I received

the documents before I signed my employment contracts, I would have sought the advice of an attorney before I signed my employment contracts. Knowing what I know now, even if I had signed my employment contracts after seeking legal advice, I would have saved copies of my work on flash drives, or other secondary storage and kept paper copies of my work product and emails.

25. During my time as principal for Aldridge, as best as I can recall, I did not receive any copy of the letter dated October 26, 2015 from the Board of Education signed by Forrest Claypool that the Board of Education produced on or about December 15, 2016 or any other similar documents.

26. During my time as principal for Aldridge, as best as I can recall, I did not receive any copy of the letter dated October 11, 2016 from the Board of Education signed by Forrest Claypool that the Board of Education produced on or about December 15, 2016 or any other similar documents.

27. During my time as principal for Aldridge, the school was not placed on probation by the State of Illinois.

28. I have not been given notice of any proceedings against me or Aldridge under 105 ILCS 5/34-8.4.

29. As a leader for Aldridge, I was able to accomplish the following:

   a. I made significant academic growth. The achievement level of students doubled from 2013 to 2015.

   b. I developed partnerships with universities and vendors focused on evidence-based research programs for training and professional development of teachers. For example, I developed a partnership with the

University of Illinois at Chicago to train Aldridge teachers to understand Common Core State Standards and Best Practices. I also developed a partnership with Youth Guidance that provides social emotional programs that help students practice problem-solving skills.

c. I installed technology in all classrooms allowing every student (e.g. 1-1 student access to iPads, computers, and smart boards, document readers, digital libraries, global streaming of news and education for every classroom) to enhance and personalize learning and close the digital divide among urban students and their peers. On or about May 2016, the Aldridge digital learning program was showcased by ThinkCERCA as a model for other schools in CPS.

d. I employed social-emotional programs throughout the school day (e.g. BAM, endorsed by President Barack Obama, WOW, and after-school through grant funded programs.

e. I developed a culture of learning for the entire school building and built good relationships with the school community and leaders.

f. I recruited and retained high quality teachers and under the constraints of an anemic budget operated the school strategically to improve teaching and learning and enhance the safety and emotional welfare of students.

g. I successfully improved the school's district rating from a Level 3 school to a Level 2 school during the 2015-2016 school year.

h.   I promoted parent cohorts with outside grant funding to increase parent engagement, reduce student-teacher ratio, increase small group instruction, and increase class safety and management.

i.   I complied with all state laws and regulations and kept the school in good standing.

30. On October 7, 2016, I submitted an application for employment to CPS to serve as Principal for James G. Blaine Elementary School by sending all required materials by email to cpsprincipals@cps.edu. I did not receive any notification that my submission was not delivered. As of today, I have not been contacted about this opportunity.

31. On October 7, 2016, I submitted an application for employment to CPS to serve as Principal for Maria Saucedo Scholastic Academy by sending all required materials by email to cpsprincipals@cps.edu. I did not receive any notification that my submission was not delivered. As of today, I have not been contacted about this opportunity.

32. On October 7, 2016, I submitted an application for employment to CPS to serve as Principal for Manuel Perez Jr. Elementary School by sending all required materials by email to cpsprincipals@cps.edu. I did not receive any notification that my submission was not delivered. As of today, I have not been contacted about this opportunity.

33. On October 7, 2016, I submitted an application for employment to CPS to serve as Principal for Ninos Heroes Elementary Academic Center by sending all required materials by email to cpsprincipals@cps.edu. I did not receive any notification that my submission was not delivered. As of today, I have not been contacted about this opportunity.

34. On October 7, 2016, I submitted an application for employment to CPS to serve as Principal for Theophilus Schmid Elementary School by sending all required materials by email to cpsprincipals@cps.edu. I did not receive any notification that my submission was not delivered. As of today, I have not been contacted about this opportunity.

35. According to publicly available information, all the principal positions that I applied for except the opportunity at Theophilus Schmid Elementary School pay substantially more than my salary as Principal for Aldridge. I would have earned about $16,000 more per year. I therefore considered them opportunities for career advancement. I believe that the reason I was not considered for any of the principal positions that I applied for is because of my reassignment status to "home," which I believe to be the same as a suspension. I believe that I was reassigned to my home by Karen Saffold after I complained to Elizabeth Kirby that Karen Saffold was pressuring me to only make purchases of school materials and supplies from her "people" and after I filed a waste complaint against Karen Saffold because she used money from the Aldridge budget to buy materials that were not allocated in the 2015-2016 budget, without a budget amendment.

36. On or about September 5, 2016, I filed a lawsuit in federal court seeking to determine my rights under my employment contracts that I was awarded by the Aldridge local school council. After I filed the lawsuit, I spoke with at least two members of the local school council regarding the local school council's right to join my lawsuit. They expressed fear that Karen Saffold would retaliate against them personally or the local school council if they joined the lawsuit.

10

37. Since Saffold removed me from Aldridge, I have felt isolated by members of my community at Aldridge and my former co-workers. They rarely return my phone calls, and when they do the conversations are very short and end abruptly. I believe that this is because they have lost trust in me after I spoke out against waste of Aldridge funds.

38. About eight or nine years ago, I was diagnosed with Fibromyalgia. Since then I have experienced constant pain all over my body, fatigue, disturbed sleep, stiffness and tender spots over my body. Recently, the symptoms became more severe. I manage the pain by taking medication, vitamins and physical therapy.

39. According to my physical therapist, this routine will continue for the foreseeable future.

40. In addition, I have recently become irritable and anxious. I am currently undergoing further medical tests to determine if there is a different cause to the recent escalation of my pain, and the cause of my irritability and anxiety. On or about December 20, 2016, I was informed by my treating specialist that a scan identified a lesion on my body. On or about December 22, 2016, my doctor prescribed new medication for me that I must take daily to help manage my symptoms. According to my doctor, it will take at least 6 weeks for the medication to take effect. My next appointment is on February 8, 2017.

41. Sometime on or about August 2016, I submitted a claim for workers' compensation. Even though my claim was received, I have not received a decision from the Chicago Public Schools ("CPS") vendor that is processing it.

42. I currently have medical insurance through my employer, Chicago Public Schools, that pays for my medical care. Without the insurance coverage, I will not be able to afford my medical care.

43. I am very anxious and worried about my medical condition because both of my parents died of various types of cancer.

44. I prefer not to have James Ciesil, Karen Saffold, Ronald Marmer or Forrest Claypool access to my medical records. I believe that they will use the information to embarrass, humiliate and shame me because of the reports and complaints that I made about Karen Saffold for waste or attempted waste of public resources.

45. I miss my job as Principal for Aldridge because I was very emotionally connected to the role, community partners, students and parents and cared very much about the school's progress and welfare of the students. There is no amount of money that can compensate me for that loss.

46. Even though I have been trying, I do not believe that I will be able to find another job as a principal because of the stigma that I now have as a whistleblower and the gap in my resume.

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the foregoing is true and correct, and would testify in court as stated above.

Shaheena Khan

Dated December 24, 2016

# EXHIBIT A

**From:** Karen Saffold <kvsaffold@cps.edu>
**Date:** August 22, 2016 at 3:37:17 PM CDT
**To:** shkhan@cps.edu
**Subject: Invitation: Meeting w/ Chief Saffold @ Wed Aug 24, 2016 3pm - 4pm (shkhan@cps.edu)**
**Reply-To:** Karen Saffold <kvsaffold@cps.edu>

---

**more details »**

**Meeting w/ Chief Saffold**

| | |
|---|---|
| When | Wed Aug 24, 2016 3pm – 4pm Central Time |
| Where | Network 13 Office (map) |
| Video call | https://plus.google.com/hangouts/_/cps.edu/kvsaffold |
| Calendar | shkhan@cps.edu |
| Who | (Guest list has been hidden at organizer's request) |

Going? **Yes** - **Maybe** - **No**  more options »

---

Invitation from Google Calendar

You are receiving this email at the account shkhan@cps.edu because you are subscribed for invitations on calendar shkhan@cps.edu.

To stop receiving these emails, please log in to https://www.google.com/calendar/ and change your notification settings for this calendar.

Forwarding this invitation could allow any recipient to modify your RSVP response. Learn More.

# EXHIBIT B

Chicago Public Schools

Supplemental General State Aid, NCLB Title I, and "Other Funding" Amendment to CIWP and Budget FY 2015

## Section 2: CIWP Amendment and Budget Transfer

School: Aldridge Network: 13 Date: 02/10/2016

**Instructions:** Use this page to amend your CIWP priorities and/or milestones and to document budget transfers. For CIWP ONLY changes, complete Part A. For BUDGET changes, complete Part A and Part B. Use the code at the bottom of the page to identify the amendment type and list SGSA, NCLB, and "Other Funding" lines separately. Copy this worksheet as needed for additional amendments.

**Part A. Budget or CIWP Amendment** - Document changes to be made to the Budget or CIWP in this section. **Required for all amendments.**

Part B. Budget Transfer - Complete this section to show a transfer of funds or if negative budget lines are being cleared

| Amend. Type(s)^ | CIWP Priority #(s) Impacted (If applicable) | Description of Budget Transfer or CIWP Priority/Milestone Change | Oracle Budget Line Info. | | | Funding Source | | | Transfer Amount | Oracle Transfer ID (Budget Transfer & Position Control) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | From/To | Program # | Account # | SGSA | NCLB | Other Funding | | |
| N | | Transfer of funds for the FY 16 Mid-Year Funding Adjustments | Original (From) | 290001 | 51330 | | | 115 | $ 24 000 00 | |
| | | | New or Amended (To) | 290001 | 51300 | | | 115 | | |
| Justification for the amendment: To eliminate FY 16 Mid-Year funding deficits | | | | | | | | | | |
| N | | Transfer of funds for the FY 16 Mid-Year Funding Adjustments | Original (From) | 119035 | 56105 | | | 115 | $ 4,000 00 | |
| | | | New or Amended (To) | 290001 | 51300 | | | | | |
| Justification for the amendment: To eliminate FY 16 Mid-Year funding deficits | | | | | | | | | | |
| N | | Transfer of funds for the FY 16 Mid-Year Funding Adjustments | Original (From) | 119035 | 54210 | | | 115 | $ 1,000 00 | |
| | | | New or Amended (To) | 290001 | 51300 | | | | | |
| Justification for the amendment: To eliminate FY 16 Mid-Year funding deficits | | | | | | | | | | |

*AMENDMENT TYPE KEY: S = change in CIWP priority or milestone without budget implications; R = Allocation of unallocated funds or moving from one budget classification to another. , O = original allocation of new funds (SGSA rollover), N = clearing negative budget lines (dollars may be adjusted)

Scanned by CamScanner

**Chicago Public Schools**
**Supplemental General State Aid, NCLB Title I, and "Other Funding" Amendment to CIWP and Budget FY 2015**

| Section 3:  Furniture/Equipment List |
|---|

School:__Aldridge   Network: __13   Date: __02/10/2016

**Instructions:** Complete the following information for new furniture/equipment items with a unit cost of $500.00 or more.  Indicate with an (X) the funding source used for each item. Please separate SGSA, NCLB Title I, and "Other Funding" lines.

| Funding Source | | | Furniture/Equipment Description | Quantity | Room Location(s) | Unit Cost | Total Cost | Who will be using this furniture/equipment and what is the purpose of usage? |
|---|---|---|---|---|---|---|---|---|
| SGSA | NCLB | Other Funding | | | | | | |
| | | | NONE | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

*Page 1*

**Chicago Public Schools**

Supplemental General State Aid, NCLB Title I, and "Other Funding" Amendment to CIWP and Budget FY 2016

**Section 1: Approval Page**

School: Aldridge

Unit : 22641

Network: _____

Date: 2/10/16                    13

**Part A. Indicate with an "X" your school's funding source(s):**

| X | SGSA |
|---|---|
| X | NCLB Schoolwide Program (SW) |
| | NCLB Targeted Assistance |
| S88 | NCLB Targeted Assistance Planning SW |
| | OTHER: (Type name) |

**Part B. Please select the type(s) of amendments being made:**

| | S - Change in CIWP |
|---|---|
| X | R - Allocation of unallocated funds or moving from one budget classification to another |
| X | O - Original allocation of new funds /SGSA rollover |
| X | N - Clearing negative budget lines |

**Part C.** Indicate with an "X" the SGSA and NCLB programs and funding sources changed from the FY 2016 budget. Boxes in black represent unallowable expenses and cannot be used. Schools operating an NCLB Title I Targeted Assistance program may only use NCLB Title I funds for programs shaded in gray. If moving other funding sources use "Other Funds" section. School must identify fund, program #, and program name being used.

| Program # | SGSA | NCLB |
|---|---|---|
| 111048: EC 3-4 | | |
| 111049: EC KG | | |
| 111050: RCS K-3 | | |
| 111051: RCS 4-5 | | |
| 111069: HEP | | |
| 111110: SBE | | |
| 111112: RCS K-8 Push-In/Pull-Out | | |
| 112007: RCS MGS | | |
| 113046: RCS HS | | |
| 119015: R | | X |
| 119016: M | | |
| 119017: SC | | |
| 119060:OIP Language Arts | | |
| 119061:OIP Social Studies | | |
| 119062: OIP Foreign Lang. | | |
| 119063: OIP Gifted Ed | | |
| 119064: OIP Physical Ed | | |
| 119065:OEP Music | | |
| 119066:OEP Art | | |
| 119067:OEP Learning Center | | |
| 119068:OIP Computer Ed | | |
| 125019: Evening School | | |

| Program # | SGSA | NCLB |
|---|---|---|
| 125024: Homework Assistance | | |
| 140070: CEP | | |
| 160011:SMS | | |
| 180040: ELP | | |
| 211210: AS | X | |
| 211311: SSO | | |
| 212041: G | | |
| 213011: HS | | |
| 219005: SRS | | |
| 221234: PCD | | |
| 221235: RPCD | | |
| 221236: MPCD | | |
| 221237: SPCD | | |
| 221241: APD | | |
| 221242: ECPD | | |
| 221261: SL PD | | |
| 223013: AS | | |
| 222209: CM TS | | |
| 241006: SO | | |
| 241016: IA | | |
| 241017: BSC PS | | |
| 254612: SS | | |

| Program # | SGSA | NCLB |
|---|---|---|
| 266402: TS-CS | | |
| 266408: TS-N | | |
| 266411: TS-L | | |
| 266412: TS-RM | | |
| 266415: E-RATE | | |
| 266418: TS-SL | | |
| 300008: CPI | | |
| 320020: OASP | | |
| 390030: PT | | |
| **Unallocated Funds** | | |
| 119020: SGSA-A | | |
| 119021: SGSA-C | X | |
| 290001: SGSA-SA | X | |
| 119031: NCLB-U | | A |
| 290001: NCLB-SA | | |

**"OTHER FUNDS"**

| Funds | Program # | Program Name |
|---|---|---|
| 115 | 29XXX1 | Pointer Lines |
| 115 | 11900.05 | Other Inst. Prog |
| 332 | 888888 | Carlisle Balance |

**Part D. Assurances:** The award recipient hereby certifies and assures CPS that the school will comply with the use of funds mandated by SGSA, NCLB Title I, and "Other Funds" as applicable. Note: Schools with an "Intensive Support" Accountability Status, regardless of their School Quality Rating, must have Network Chief approval for all budget changes regardless of dollar amount.

| Principal | NCLB Title I PAC Chairperson | LSC Chairperson | | Network Chief Review |
|---|---|---|---|---|
| | | | **Record of LSC Vote** | |
| (print name) Shaheena Khan | (print name) | (print name) | Yes / No / Ab / Total | (print name) |
| (signature) | (signature) | (signature) # of absences | | (signature) |
| (date) 2/10/16 | (date) | (date) | meeting date | |

Scanned by CamScanner

**Section 2: CIWP Amendment and Budget Transfer**

School: Aldridge    Network: 13  Date: 02/10/2016

**Instructions:** Use this page to amend your CIWP priorities and/or milestones and to document budget transfers. For CIWP ONLY changes, complete Part A. For BUDGET changes, complete Part A and Part B. Use the code at the bottom of the page to identify the amendment type and list SGSA, NCLB, and "Other Funding" lines separately. Copy this worksheet as needed for additional amendments.

Part A. Budget or CIWP Amendment - Document changes to be made to the Budget or CIWP in this section. Required for all amendments.

Part B. Budget Transfer - Complete this section to show a transfer of funds or if negative budget lines are being cleared

| Amend. Type(s)^ | CIWP Priority #(s) Impacted (if applicable) | Description of Budget Transfer or CIWP Priority/Milestone Change | From/To | Program # | Account # | SGSA | NCLB | Other Funding | Transfer Amount | Oracle Transfer ID (Budget Transfer & Position Control) |
|---|---|---|---|---|---|---|---|---|---|---|
| N/O | | Transfer of funds from FY 16 Mid -Year SGSA rollover to eliminate deficits in the Substitute Salary & Benefits consolidated account line | Original (From) | 119021 | 57940 | x | | | $ 2,000 00 | |
| | | | New or Amended (To) | 290001 | 51350 | x | | | | |
| | | **Justification for the amendment:** Eliminate line deficits for FY 16 | | | | | | | | |
| O | 1,2,3,4,5,6 | Transfer of funds from FY 16 Mid -Year SGSA rollover to provide student programs and services | Original (From) | 119021 | 57940 | x | | | $ 4,510.89 | |
| | | | New or Amended (To) | 211210 | 54125 | x | | | | |
| | | **Justification for the amendment:** Provide student services to enhance student academics and social experiences | | | | | | | | |
| R | 1,2,3,4, | Transfer of funds from FY 16 Mid -Year NCLB Unallocated Funds to support literacy by providing reading instructional materials | Original (From) | 119031 | 57940 | | x | | $ 21,516 80 | |
| | | | New or Amended (To) | 119015 | 53305 | | x | | | |
| | | **Justification for the amendment:** Provide supplemental instructional materials to support literacy | | | | | | | | |

budget lines (dollars may be adjusted)

Scanned by CamScanner

**Section 2: CIWP Amendment and Budget Transfer**

**Instructions:** Use this page to amend your CIWP priorities and/or milestones and to document budget transfers. For CIWP ONLY changes, complete Part A. For BUDGET changes, complete Part A and Part B. Use the code at the bottom of the page to identify the amendment type and list SGSA, NCLB, and "Other Funding" lines separately. Copy this worksheet as needed for additional amendments.

School: Aldridge   Network: 13   Date: 02/10/2016

| Amend. Type(s)^ | CIWP Priority #(s) Impacted (if applicable) | Description of Budget Transfer or CIWP Priority/Milestone Change | From/To | Program # | Account # | SGSA | NCLB | Other Funding | Transfer Amount | Oracle Transfer ID (Budget Transfer & Position Control) |
|---|---|---|---|---|---|---|---|---|---|---|
| R | 1,2,3,4. | Transfer of funds from FY 16 Mid -Year NCLB Unallocated Funds to support literacy by providing reading instructional software licenses (I Ready Program) | Original (From) | 119031 | 57940 | | x | | $ 7,000.00 | |
| | | | New or Amended (To) | 119015 | 53307 | | x | | | |

Part A. Budget or CIWP Amendment - Document changes to be made to the Budget or CIWP in this section. Required for all amendments.

Part B. Budget Transfer - Complete this section to show a transfer of funds or if negative budget lines are being cleared.

Oracle Budget Line Info.

Funding Source

Justification for the amendment: Provide instructional software licenses to support literacy

| R | 1,2,3,4 | Transfer of funds from FY 16 Mid -Year NCLB Contingency Balancing Program to support literacy by providing reading supplies | Original (From) | 888888 | 57940 | | x | | $ 880.00 | |
| | | | New or Amended (To) | 119015 | 53405 | | x | | | |

Justification for the amendment: Provide supplemental supplies to support literacy program

| | | | Original (From) | | | | | | | |
| | | | New or Amended (To) | | | | | | | |

Justification for the amendment:

budget lines (dollars may be adjusted)

Scanned by CamScanner

EXHIBIT C

**From:** shaheena khan-barnett <khanbarnett@att.net>
**Date:** April 8, 2016 at 7:23:16 PM CDT
**To:** "inspectorgeneral@cpsoig.org" <inspectorgeneral@cpsoig.org>
**Subject: Complaint about Dr. Karen V. Saffold**
**Reply-To:** shaheena khan-barnett <khanbarnett@att.net>

Dear Inspector General:

Please see attached, and advise me if you need any information.