IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHEENA KHAN *et. al.* | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) No. 16-cv-8668<br>) The Honorable Judge Manish S. Shah |
| BOARD OF EDUCATION OF THE<br>CITY OF CHICAGO, *et. al.* | ) Magistrate Judge Hon. Jeffrey T. Gilbert<br>)<br>) |
| *Defendants*. | )<br>) |

**PLAINTIFFS SHAHEENA KHAN AND EKB'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT AUTHORITY**

Plaintiffs Shaheena Khan and EKB (collectively "Plaintiffs"), pursuant to 28 U.S.C. § 1927 and this Court's inherent authority move for an order of sanctions against the Board of Education of the City of Chicago ("Board"), and attorneys Ronald Marmer, James Ciesil, Kathleen Gibbons and Sarah Quinn (collectively "Defendants"), including excess costs, expenses and attorneys' fees incurred for their unreasonable and vexatious conduct, attempted fraud upon this court, and attempts by oppression, harassment and massive expense to reduce Shaheena Khan ("Shaheena") to exhausted compliance. As part of the requested sanctions, Plaintiff Shaheena also seeks an order barring Defendants from initiating any proceeding under section 34-85 of the Illinois School Code that arises from the same facts as its purported section 8.3 claim. In support of this motion, Plaintiffs state as follows:

1. In 1997, after it was sued by a Principal for breach of contract, the Board tried to add a term to principal contracts so that it could terminate principals' contracts after removing them under section 8.3 or 8.4 of the Illinois School Code. It suggested language that would allow it to terminate contracts to the extent permitted by section 8.3 *or* 8.4. The CPAA, which works with CPS to improve principals' morale, resisted the Board's efforts. Eventually, CPAA persuaded

1

the Board to include language to the effect that a principal contract could only be terminated to the extent permitted by section 8.3 *and* 8.4. CPS acknowledged that this position had not been legally tested. CPAA understood the term to mean that a principal contract could not be terminated under section 8.3 because the statute does not permit termination.

2. In 2001, Congress enacted amendments to ESEA. § 1111(b)(2) of ESEA requires Illinois to develop and implement a single, statewide accountability system for Title I schools. § 1111(b)(2) applied to Illinois and Aldridge during all relevant times, including the 2015-2016 school year because Aldridge received Title 1 funds.

3. Under the Board's policies, "Principal position requirements are drafted by each Local School Council based on the vision, mission, goals and needs of the individual school."

4. On or about June 2013, the Aldridge local school council ("LSC") made an offer to Plaintiff Shaheena Khan to serve as the principal for Aldridge, an ESEA Title 1 school, for 4 years. It was Shaheena's first opportunity as a contract principal, and she was not a member of the CPAA. Understanding that her employment could only be terminated for misconduct or poor performance, Shaheena accepted the offer in exchange for CPS' standard principal salary. Because Shaheena's contract creates a right specific enough to be enforced in state court by awards of damages or specific performance, it is 'property' that can only be taken away after a full-due process hearing. *Mid-Am. Waste Sys., Inc. v. City of Gary, Ind.*, 49 F.3d 286, 290 (7th Cir. 1995); *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 692 (7th Cir. 2004).

5. After Shaheena accepted the LSC's offer, the LSC gave Shaheena a contract to sign that did not accurately reflect the terms of her agreement with the LSC. The LSC did not discuss the removal term with Shaheena. Shaheena believes that the removal term is vague. It is unclear


whether "removal" also includes removal under applicable federal law, ESEA § 6316(b)(8)(B)(ii). The removal term is also ambiguous because it could be read, and was intended to permit termination only after § 8.4 proceedings. The removal term violates public policy, ESEA § 6311(b)(2), because it is not based on a statewide standard and it uses AYP that is statistically invalid and unreliable.

6. On or about June 24, 2016, the Board threatened to terminate Shaheena's employment under section 34-85 of the School Code by publishing a public warning resolution.

7. On August 24, 2016, Karen Saffold, the Board's agent, in concert with Ciesil, Marmer and Claypool, acting in retaliation against Shaheena for exercising her first amendment right to speak out against waste of public resources, removed Shaheena from her guaranteed contract position as principal for Aldridge, and banned her from Aldridge "or any CPS location for any reason, without written authorization from" Saffold, without advance notice, in violation of *Staples v. City of Milwaukee*, 142 F.3d 383, 385 (7th Cir. 1998), and her constitutional rights to familial relations.

8. Saffold confiscated Shaheena's work laptop and disabled access to her CPS email account and internet portal, denying her access to her work product and obstructing potential investigations into Shaheena's December 2015 attempted waste report and April 8, 2016 waste complaint against Saffold.

9. Saffold claimed on August 24, 2016 that she removed Shaheena from Aldridge because Shaheena purportedly failed to successfully complete an unwarranted personal Corrective Action Plan ("CAP") that was not approved by CPS' Human Resources Department as the policy in place required at the time.

10. Defendants knew on August 24, 2016 that Shaheena's child, EKB was a student at Aldridge. Saffold refused to modify a letter she gave Shaheena so that Shaheena could

accompany EKB to school when school opened, forcing Shaheena to hire attorneys. Defendants later refused to rescind the letter, forcing Shaheena to file a lawsuit and prepare a motion for a TRO.

11. Defendants refused to withdraw the CAP or the warning resolution.

12. On September 2, 2016, the Board issued notice of a section 8.3 hearing to Shaheena.

13. On September 5, 2016, Shaheena filed this lawsuit to determine her rights as a parent and and as a CPS employee under her employment agreements. On September 13, 2016, despite its clear wording, the Board claimed that Saffold's letter did not ban Shaheena from CPS property as a parent, but it has never issued a modified letter.

14. Several times in between September to present, Plaintiffs have asked the Board to withdraw or stay their section 8.3 claims until Shaheena's rights under her contracts are conclusively legally determined. Plaintiffs have even suggested that Defendants seek a declaratory judgment. Defendants, even though they have acknowledged that the term they are attempting to enforce is not legally tested, have refused, forcing Plaintiffs to incur substantial legal fees in two different proceedings.

15. Defendants have unreasonably changed their positions randomly and constantly without conferring with Plaintiffs and callously ignored this court's orders, forcing Plaintiffs to incur continuing legal fees and costs. Defendants have even made clear in writing that all issues are to be presented in the two concurrent proceedings for no other reason other than to force Shaheena Khan to file motions, incur massive expenses and ultimately exhaust her to compliance with Defendants' unreasonable, legally untested positions.

16. On or about September 23, 2016, Plaintiffs filed a motion for a TRO, arguing in part that the Board's hearing procedures did not allow for confrontation and cross-examination of

4

witnesses, in violation of *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*,389 F.3d 685, 692 (7th Cir. 2004).

17. On or about October 3, 2016, without conferring with Plaintiffs, Defendants filed an opposing response in which they averred that "[a]s articulated in the September 2, 2016 notice, Khan and her attorneys are invited to attend the section 8.3(d) hearing, present evidence, *cross-examine witnesses*, and make statements on her behalf." (Doc. 26, p12, ¶3). The September 2, 2016 notice did not provide anything suggesting that cross-examination of witnesses was allowed.

18. On November 2, 2016, Plaintiffs filed a motion to reconsider the Court's November 1, 2016 order denying their request for injunctive relief, based in part on Defendants' written and oral misrepresentations to the Court. Although Plaintiffs presented their motion on November 10, 2016, Defendants did not correct their position on cross-examination until November 17, 2016, inexplicably blaming an unidentified "supervising attorney from another practice group" for inserting the words "cross-examine witnesses" by mistake, despite attorney Gibbons' October 4, 2016 oral representations to the court, which they concealed from this Court on both November 10, 2016 and in their November 17, 2017 filing. (Doc. 53, p2, ¶3). Defendants' filing did not include an affidavit or sworn declaration.

19. Defendants' failure to confer with Plaintiffs, failure to seek a judgment interpreting a genuinely disputed term in a document they drafted more than 20 years ago, continued and unreasonable random changing of positions, intentional misrepresentations to this Court, harassment of Plaintiffs and their attorneys and failure to withdraw or stay claims while Shaheena's rights are determined constitute unreasonable and vexatious conduct, attempted fraud

5

upon this Court, and attempts by oppression, harassment and massive expense to reduce Shaheena Khan to exhausted compliance that entitles Plaintiffs to relief.

20. Attorneys Ronald Marmer, James Ciesil, Kathleen Gibbons and Sarah Quinn are all members of the general bar of this Court and have acted, or failed to act on this matter at relevant times within the meaning of 28 U.S.C. § 1927.

21. Additional facts and legal arguments supporting this motion are set forth in detail in Plaintiffs' Memorandum filed contemporaneously herewith.

WHEREFORE, Plaintiffs Shaheena Khan and EKB respectfully requests this Honorable Court enter an Order:

A. Awarding Plaintiff Shaheena Khan fees and costs incurred in defending against the Board's section 8.3 claims;

B. Awarding Plaintiffs fees and costs incurred due to Defendants' unreasonable conduct, including failure to comply with this Court's orders to confer and for bringing this motion;

C. Granting Plaintiffs leave to file documentation of their attorneys' fees and costs in prosecuting this lawsuit as a result of Defendants' unreasonable and vexatious conduct;

D. Barring Defendants from initiating any proceedings against Shaheena Khan under 105 ILCS 5/34-85 based on the same facts as the Board's claims under ILCS 5/34-8.3;

E. Ordering Defendant Board of Education to rescind the warning resolution issued to Shaheena Khan on or about June 24, 2016;

F. Barring Defendants from using any evidence contained in the warning resolution issued to Shaheena Khan on or about June 24, 2016 in its purported 8.3 proceeding;

G. Awarding any further relief or imposing any other sanction that this Court deems just and proper.

                        Respectfully submitted

                        By:/s/ Eric Onyango

Eric Onyango
Prime Legal, LLC
222 North Columbus Drive, #1507
Chicago, IL 60601
(312)315-8568
Counsel for individual Plaintiffs Shaheena Khan and EKB

**CERTIFICATE OF SERVICE**

I, Eric Onyango, an attorney, certify that I caused a copy of the foregoing motion and accompanying memorandum in support to be served upon all counsel of record using the Court's ECF system on March 7, 2017.


/s/ Eric Onyango
Counsel for individual Plaintiffs