# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHAHEENA KHAN on her own behalf, and as next friend for EKB, a minor child, CITY OF CHICAGO, and on behalf of LOCAL SCHOOL COUNCIL FOR ALDRIDGE ELEMENTARY SCHOOL, CHICAGO PRINCIPALS & ADMINISTRATORS ASSOCIATION on its own behalf and on behalf of SHANEENA KHAN, TRUDY TAYLOR, and similarly or substantially similarly situated member principals, | ) ) ) ) ) ) Case No. 1:16-cv-08668 ) ) ) |
| Plaintiffs, | ) Judge Manish S. Shah ) |
| v. | ) Magistrate Judge Jeffrey T. Gilbert ) |
| STATE OF ILLINOIS, BOARD OF EDUCATION OF THE CITY OF CHICAGO, SCHOLASTIC, INC., LOCAL SCHOOL COUNCIL FOR ALDRIDGE ELEMENTARY SCHOOL, LOCAL SCHOOL COUNCIL FOR JESSE OWENS ELEMENTARY COMMUNITY ACADEMY, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.) GERALD BEIMLER, individually, KAREN SAFFOLD, individually, FORREST CLAYPOOL, individually, JANICE JACKSON, individually, ELIZABETH KIRBY, Individually, THOMAS KRIEGER, individually, FELICIA SANDERS, individually, BRIAN ALI, individually, RONALD MARMER, individually, JAMES CIESIL, Individually, and RYAN CROSBY, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## BOARD DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Defendants, the Board of Education of the City of Chicago ("Board"), Gerald Beimler

("Beimler"), Aldridge Elementary School Local School Council, ("Aldridge LSC"), Jesse Owens

Community Academy Local School Council, ("Owens LSC"), Karen Saffold ("Saffold"), Forrest

Claypool ("Claypool"), Janice Jackson ("Jackson'), Elizabeth Kirby ("Kirby"), Thomas Krieger

("Krieger"), Felicia Sanders ("Sanders"), Brian Ali ("Ali'), Ronald Marmer ("Marmer"), James Ciesil

("Ciesil")and Ryan Crosby ("Crosby") (collectively "Board Defendants") through their attorneys,

move to dismiss Plaintiff Shaheena Kahn's ("Kahn") Fourth Amended Complaint ("FAC")

pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) and in support submit:

## RELEVANT FACTS

Khan signed two principal contracts for Aldridge Elementary School ("Aldridge") for terms of July 1, 2013 through June 30, 2017, and July 1, 2017 through June 30, 2011. Dkt. #132 at ¶¶ 40, 90. Both of Khan's principal contracts state she can be removed, reassigned, laid off, or dismissed as principal of Aldridge pursuant to the Illinois School Code, 105 ILCS 5/34-8.3, due to the school's failure to make adequate progress in correcting academic deficiencies. Dkt. #6-1, pp. 3-4, Dkt. #6-2, p. 6.[1] On September 2, 2016, the Board notified Khan that it had scheduled a hearing for September 22, 2016 to determine whether removing her as Aldridge's principal is an appropriate remedial action to correct the school's academic deficiencies pursuant to 105 ILCS 5/8.3(d). Dkt. #132 at ¶ 113; Exhibit C. Khan first received the Board's Section 8.3(d) guidelines and procedures in the same September 2nd hearing notification. *Id.* at ¶ 118.

Plaintiffs' FAC contains 507 paragraphs alleging 31 counts, 30 of which are against at least one of the 14 Board defendants. Specifically, the FAC alleges and seeks:

- In Counts 1-8, declarations from the Court on various matters, such as that the Elementary and Secondary Education Act ("ESEA") preempts 105 ILCS 5/34-8.3, the Board has no right to terminate or remove principals pursuant to 105 ILCS 5/34-8.3, principals have the right to a "full due process hearing" prior to termination or reassignment, 105 ILCS 5/34-8.3, the Board's 8.3 guidelines and notice are unconstitutional, and the Board's short term disability plan is unlawful;
- Reformation of the 2013 and 2016 [sic][2] principal contracts (Count 9);
- In Counts 10-13, class claims of breach of contract, constructive discharge and violations of due process and ERISA;
- In Counts 14, 15 and 19, deprivation of Khan's rights to due process/first amendment/equal protection and familial relations and a violation of her protected liberty interest;
- Conspiracy (Counts 16-18);

---

[1] Khan did not attach her two principal contracts to the FAC but it has been attached to prior iterations of her complaint. Board defendants cite to an earlier complaint regarding the content of the 2013 and 2017 contracts and attach the contracts and notices referenced throughout the FAC to this memorandum as Exhibits A, B and C respectively. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993).
[2] Khan's second contract begins July 1, 2017 so is referenced as the 2017 contract in this memorandum.

- Violation of Illinois Whistleblower Act (Count 20);
- Tortious interference with contracts (Count 21);
- Violation of the Sherman Act (Clayman Act) (Count 22);
- Discrimination and retaliation on the basis of religion, gender, race and age (Counts 23-26);
- Breach of fiduciary duty (Count 27);
- Anticipatory repudiation of the 2013 and 2016 contracts (Count 29)[3];
- Fraud ( Count 30); and
- Indemnification (Count 31).

## ARGUMENT

### A. Standard of Review

The standards governing a 12(b)(6) motion to dismiss and 12( b) (1) motion to dismiss for lack of standing are the same. *See Sanner v. Board of Trade of City of Chicago,* 62 F.3d 918, 925 (7th Cir. 1995). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should be dismissed if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). In deciding a motion to dismiss, the court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the Plaintiff's favor.

The Court need not strain to find inferences favorable to Plaintiff which are not apparent on the face of the complaint nor accept legal conclusions alleged or inferred from the pleaded facts. *Nelson v. Monroe Reg. Med. Ctr.*, 925 F.2d 1555, 1599 (7th Cir. 1991). Further, the Court is not required to ignore facts set forth in a complaint that undermine Plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). While the Rules require only notice pleading, a plaintiff may "plead himself out of court" by alleging facts establishing a defendant is entitled to prevail on a motion to dismiss. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

---

[3] Count 28 is not directed against any of the Board defendants.

**B. The Fourth Amended Complaint Should Be Dismissed For Failing to Comply with Rule 8**

Complaints must provide more than labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003).

Like Khan, the plaintiff in *Lockheed*, filed a complaint replete with irrelevancies and lacking facts to support its cause of action. The district court instructed the plaintiff "to file an organized and concise document." *Id.* at 376. Instead,

> "[Plaintiff's] second amended complaint ballooned to 74 double-spaced pages with 198 paragraphs…. Before [defendant] could respond, [plaintiff] filed a third amended complaint, which broke the scale at 109 pages containing 345 numbered paragraphs; this document had 74 attachments, many of them lengthy."

*Id.*

The defendant moved to dismiss the complaint for failure to plead fraud with particularity, and for the omission of any "short and plain statement of the claim," as Federal Rules of Civil Procedure 8(a)(2) contemplates.

The court dismissed the third amended complaint and gave plaintiff very specific directions to follow when filing its fourth amended complaint:

> "The judge explained that the statement 'should be brief and should as to each count: (1) identify specific false claims for payment or specific false statements made in order to obtain payment; (2) if a false statement is alleged, connect that statement to a specific claim for payment and state who made the statement to whom and when; and (3) briefly state why those claims or statements were false.'"

*Id.*

After plaintiff ignored the court's directions, the court dismissed the fourth amended complaint with prejudice for failure to confirm his pleadings to Rules 8 and 9, and the Seventh Circuit affirmed.

Here, Plaintiffs' FAC surpasses the *Lockheed* case at 507 paragraphs over 31 counts in 76 pages. Additionally, the FAC is brought against 17 Defendants by two main Plaintiffs - Khan and the Chicago Principals & Administrators Association ("CPAA") - who bring the claim on their own behalf and Khan on behalf of her son and two other entities – the City of Chicago and the Aldridge LSC – and the CPAA on behalf of Khan and another individual Taylor. Plaintiffs assert a barrage of facts that are irrelevant to any of their plethora of claims against the host of Defendants.

Further, Plaintiffs' "shotgun" pleading makes it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. The FAC has 230 paragraphs leading up to the first of 31 counts. Each count begins by realleging the same 230 paragraphs, making it impossible to know what facts are intended to support which claims. It is not Defendants' job to guess what Plaintiffs are alleging.

"Courts have discouraged this type of shotgun pleading where each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged [are] not material to the claim, or cause of action, appearing in a count's heading." *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011), *quoting Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 650 n.22 (11th Cir. 2010); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (Such pleadings make it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.); *See also Stanard v. Nygen*, 658 F.3d 792, 800 (7th Cir. 2011) (A federal court is not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself.).

For the reasons stated above, the FAC should be dismissed in its entirety for failing to comply with Rule 8.

**C. Beimler, Krieger, Ali, Crosby, and Owens LSC Should Be Dismissed as Defendants.**

Plaintiffs have improperly placed upon Defendants the burden of discerning whether the morass which is their complaint actually states any viable cause of action. When a complaint contains hundreds of rhetorical paragraphs, the defendants and the court have the onerous burden of sifting through the pile of factual allegations to determine whether any of those facts provide a basis for plaintiffs' legal claims against any defendant. *See Simstad v. Scheub*, 2010 U.S. Dist. LEXIS 103752, *23-24 (N.D. Ind. Sept. 30, 2010) (Dismissing plaintiff's 31-page, 117-rhetorical paragraph complaint for failure to show the nexus between the legal claims and the factual allegations.)

The mere invocation of a defendant's name is insufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them, and so they can properly answer the complaint. *Bell Atlantic Corp.*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).

The following Board Defendants should be dismissed because Plaintiffs have done nothing more than make some rhetorical allegations and conclusory statements without properly pleading any actual cause of action against them:

- Plaintiffs mention Beimler in one paragraph - ¶ 156 - alleging he intentionally refused to provide data and make unprofessional and condescending comments. None of the 31 counts is brought against him.

- Plaintiffs make no allegations against Krieger in any of the factual background paragraphs 32 through 230. Krieger's name first appears in the header of Count 16 – conspiracy – First Amendment – but is not mentioned in the body of that count -- ¶¶ 354-357.

- Ali is mentioned in six factual allegation paragraphs. Specifically, ¶ 80 alleges Ali gave Khan an unsatisfactory rating; ¶ 82 alleges Ali never supervised Khan; ¶ 87 alleges he knew about her complaints of waste; ¶ 98 alleges he was at the August 24, 2016 meeting when Khan

6

received a reassignment letter; ¶ 105 alleges he worked in concert with various defendants to deprive Khan of resources she needed to manage Aldridge; and ¶ 106 alleges Ali, in concert with various other defendants, made false statements about Khan. Ali's name appears in the header of the three conspiracy counts – Counts 16-18, but he is not mentioned in the substantive paragraphs of any of these counts.

- Crosby is mentioned in three factual allegations paragraphs - ¶ 228 alleging he created an inaccurate statement for the 8.3 hearing; ¶ 229 alleging her knew it was unlawful to remove Khan; and ¶ 230 alleging he intentionally omitted Burke, Lawndale, and Smyth from his statement. As with Ali, Crosby's name appears in the header of the three conspiracy counts – Counts 16-18, but is not mentioned in the substantive paragraphs of any of them. Crosby is also improperly named in Count 22, the Sherman Act claim.

- The only factual allegation against Owens LSC is that it gave Plaintiff Taylor a principal contract. Dkt. #132, ¶ 203. Owens LSC is not mentioned anywhere else in the FAC.

**D. Neither the Aldridge nor the Owens Local School Council is a Proper Plaintiff or Defendant in this Case.**

A Local School Council ("LSC") is a statutorily created body with responsibilities that include deciding how school funds and resources are allocated, approving and monitoring the implementation of the annual school improvement plan, and hiring and evaluating the school's contract principal. *Langer v. Board of Education*, 2013 U.S. Dist. LEXIS 148662, *3 (N.D. Ill. Oct. 16, 2013). LSC members are elected by the "parents and community residents for the attendance center." 105 ILCS 5/34-2.1; *see also Bruce v. Board of Education*, 2011 U.S. Dist. LEXIS 99411, *2 (N.D. Ill. Aug. 31, 2011). But, nothing in the Illinois School Code allows the Court to infer that the LCS, or its individual members, have been delegated policy making authority with respect to personnel decisions. *McFadden v. Chicago Public Schools,* 2012 U.S. Dist. LEXIS 88676, *6 (N.D. Ill. June 27, 2012).

**1. The Aldridge LSC Is Not a Proper Plaintiff Because Their Interests Are Not Aligned with Khan.**

An LSC is not properly included as co-plaintiff unless Khan can allege that both she and the LSC want the same end result and agree as to the reasons which mandate this outcome. *Banks v. Chicago Public Schools,* 1996 U.S. Dist. LEXIS 5163, *5 (N.D. Ill. Apr. 18, 1996). After a thorough

review of the history of LSCs as parties to federal lawsuits within this circuit, *Banks v. Chicago Public Schools*, 1997 U.S. Dist. LEXIS 6048 (N.D. Ill. Apr. 25, 1997), is the only case where an LSC, as a body, proceeded as a plaintiff in a case against the Board. At the outset, Plaintiff Banks designated the LSC and its members as defendants. *Id.* at *10. The court realigned the LSC and its members as plaintiffs, finding that they shared an interest in having Banks reinstated as principal. *Id.* at *11. Unlike the Aldridge LSC, however, the LSC in *Banks* voluntarily participated in the suit and expressed its interest in reinstating the former principal.

In her FAC, Khan admits that "[t]he Aldridge LSC is unwilling to participate in this lawsuit." Dkt. #132, ¶ 205. Plaintiffs allege, without factual support, that the LSC is unwilling to pursue the suit for fear of retaliation by Defendant Saffold. Moreover, Khan names the Aldridge LSC as a defendant, alleging that the contracts between her and the LSC inaccurately represent their agreement. The LSC's interest cannot be aligned with the interests of Khan with respect to the enforcement of her contracts, when the two parties do not mutually agree on current terms. The Aldridge LSC, which has not disavowed the contract it signed, is not a proper co-plaintiff.

### 2. Aldridge LSC and Owens LSC are Not Proper Defendants.

First, "[t]he federal courts look to state law to determine if a defendant is amenable to suit. To be sued in Illinois, a defendant must have a legal existence, either natural or artificial." *Mitter v. County of Dupage*, 2013 U.S. Dist. LEXIS 159497, *11 (N.D. Ill. Nov. 7, 2013) (*citing DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (some internal citations and quotation marks omitted). Although the Illinois School Code does not state in plain language that a Local School Council is vested with the power to sue or be sued, this does not end the analysis. To decide whether an LSC is subject to suit, the central question is whether – or for what specific purpose(s) – is an LSC a policy-making body.

8

The court in *Asllani v. Board of Education of Chicago*, 845 F. Supp. 1209 (N.D. Ill. 1993), reasoned that the policy-making authority of LSCs is limited by their enumerated powers. That court held that a principal whose performance contract was not being renewed could sue the LSC because the School Code grants LSCs authority to hire principals and renew their contracts. *Id.* at 1219. By contrast, the claims Khan raises on her own behalf and on behalf of Taylor do not rest on the decision-making power of the LSC. Khan and Taylor allege that the Board – not the LSC – violated their principal contracts. As LSCs are not policy-makers with regard to the principal-removal process for Khan and Taylor, the LSCs are not proper defendants here.

**E. Counts 1 through 8 Fail to Set Forth Claims for Declaratory Judgment.**

**1. Counts 1, 2, 4 and 8 Do Not Allege a Current Controversy Exists.**

The Declaratory Judgment Act authorizes a federal court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Because the Act is not in itself a source of federal subject matter jurisdiction, the court must possess an independent basis for jurisdiction. *GNB Battery Techs., Inc. v. Gould, Inc.,* 65 F.3d 615, 619 (7th Cir. 1995) (*citing Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950)). Where such a basis exists, "[t]he sole requirement for jurisdiction under the Act is that the conflict be real and immediate, *i.e.*, that there be a true, actual 'controversy' required by the Act." *Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 96 (1993) (*quoting Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 734-35 (Fed. Cir. 1988) (citations omitted)). "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* A declaratory judgment action is not justiciable under Article III when the claim involves contingent future events that may not occur as anticipated, or indeed may not occur at all. *Planet Hollywood v. Hollywood Casino,* 80 F.Supp.2d 815, 850 (N.D. Ill. 1999). Finally, even if

plaintiff establishes the existence of an actual controversy, courts have discretion to decline to exercise jurisdiction over declaratory judgment claims. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 747 (7th Cir. 1987).

In Counts 1, 2 4, and 8, Plaintiffs ask this Court to give an advisory opinion based on hypothetical facts. Specifically, Count 1 does not describe the Board's accountability system, making it impossible for this Court to determine whether ESEA preempts 105 ILCS 5/34-8.3. Counts 2 and 4 create a fictional scenario in which the Board is terminating the principal contracts of Khan and other unknown principals, but do not cite actual facts. Count 8 describes a hypothetical scenario in which Board employees are denied short-term disability benefits because other Board employees are "unreasonab[ly] search[ing] employee medical and employment records" – again without alleging actual facts.

As Counts 1, 2, 4 and 8 describe hypothetical situations that may not occur at all, Plaintiffs have failed to properly allege claims for declaratory relief. These counts should be dismissed.

### 2. Counts 3, 5, 6 and 7 are Premature as the Board has Offered a Due Process Hearing to Khan.

Plaintiffs' FAC admits that 105 ILCS 5/34-8.3 provides due process and that she received notice of a hearing under that section on September 2, 2016. Dkt. #132 at ¶¶ 113, 118, 228-230. In Counts 3, 5, 6, and 7, however, Khan appears to allege that her due process rights have been violated because she has not received a full due process hearing. Khan cannot claim a due process violation based upon her own refusal to participate in a hearing.

To state a claim for a procedural violation of the Due Process Clause of the Fourteenth Amendment, the plaintiff must show: (1) she has a constitutionally protected property interest; (2) a deprivation of that protected interest; and (3) insufficient protections surrounding that deprivation. *Sutton v. Board of Ed. Bremen High School Dist. 228,* 2015 U.S. Dist. LEXIS 16554, *6 (N.D. Ill. Feb. 11. 2015); *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008); *Moss v. Martin*, 473 F.3d

694, 700 (7th Cir. 2007). On the third prong, sufficient protections include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell her side of the story. *Head v. Chicago School Board of Trustees,* 1999 U.S. Dist. LEXIS 9003, *15 (N.D. Ill. June 2, 1999).

The Section 34-8.3(d) hearing the Board offered Khan comports with due process. Plaintiffs admit Khan received notice on September 2, 2016 that the Board was scheduling a hearing pursuant to 105 ILCS 5/34-8.3(d) on September 22, 2016. Dkt. #132 ¶ 113. At the hearing, the Board will present evidence that Aldridge has failed to make adequate progress to correct its deficiencies. Khan will have an opportunity to tell her side of the story. A claim for violation of procedural due process focuses on whether the contested procedures exist at all, not whether they have yet been offered. *Michalowicz,* 528 F.3d at 534. As the Board has offered Khan all the process she is due, her procedural due process claims should be rejected.

Plaintiffs are also seeking a declaration that 105 ILCS 5/34-8.3(d), as well as the Board's guidelines and notices implementing the statute, are unconstitutional because they are vague and/or do not explain every term within them (Counts 5-7). A statute is presumptively valid. *Denberg v. United States R. Retirement Bd.*, 696 F.2d 1193, 1201 (7th Cir. 1983). A policy is not void for vagueness merely because the meaning of a term is understood by reference to another source, such as a dictionary. *Wiemerslage v. Maine Township High School District 207,* 824 F. Supp. 136, 140-41 (N.D. Ill. 1993), *aff'd* 29 F.3d. 1149 (7th Cir. 1994); *see also Cartwright v. City of Chicago,* 2013 U.S. Dist. LEXIS 109207, *2 (N.D. Ill. Aug. 2, 2013).

## F. Counts 9 (Reformation of Contracts), Count 29 (Anticipatory Repudiation) Count 30 (Fraud) Fail to State Claims so should be Dismissed.

Even though Plaintiffs use magic buzz words in Counts 9, 29 and 30, they still have not properly pled claims for reformation of contracts, anticipatory repudiation, or fraud.

### 1. Reformation (Count 9)

A reformation action is brought to conform the contract to the parties' original agreement by inserting an omitted provision. *Briarcliffe Lakeside Townhouse Owners Ass'n v. City of Wheaton*, 170 Ill. App. 3d 244, 251 (2nd Dist. 1988). To state a reformation claim, plaintiff must allege five elements: (1) the existence and substance of an agreement between the parties and the identity of the parties to that agreement; (2) a meeting of the parties' minds to reduce their agreement to writing; (3) the substance of the written agreement; (4) that a variance exists between the parties' original agreement and the writing; and (5) the basis for reformation (e.g., mutual mistake). *Schaffner v. 514 West Grant Place Condominium Ass'n, Inc.*, 324 Ill. App. 3d 1033, 1043 (1st Dist. 2001).

In Count 9, Plaintiffs have not stated a reformation claim because they have not explained how the 2013 and 2017 contracts (which they fail to attach to the FAC) do not represent the agreement between Khan and the Aldridge LSC. They use the word "variance," but fail to explain how the actual contracts vary from the parties' agreement. Nor do Plaintiffs articulate any basis for reformation, such as mutual mistake. Consequently, Count 9 should be dismissed for failing to state a claim.

### 2. Anticipatory Repudiation (Count 29)

Under Illinois law, an anticipatory repudiation occurs when the "repudiating party unequivocally and without justification renounces its duty to perform the contract on its date of performance." *Busse v. Paul Revere Life Ins. Co.*, 341 Ill. App. 3d 589, 594 (1st Dist. 2003) (internal quotations omitted). Conduct which constitutes a repudiation is normally an explicit statement by the repudiating party that they cannot or will not perform under the terms of the contract. *Wilmette Partners v. Hamel*, 230 Ill. App. 3d 248, 260 (1st Dist. 1992). Here, the Board has not unequivocally renounced its duty to perform the Khan's principal contract. Instead, pursuant to the contract, it has notified Khan that it has scheduled a hearing to determine whether Aldridge has failed to make

adequate progress.  If the hearing officer decides that Aldridge has failed to make adequate progress, then the Board will have a justification – articulated in the contract -- for removing Khan.  As Khan has not alleged that the Board is acting without justification, she has not stated a claim for repudiation.  Accordingly, Count 29 should be dismissed.

### 3. Fraud (Count 30)

The elements of a fraud claim in Illinois are: (1) that the defendant made a false statement of material fact; (2) the defendant knew or believed it was false; (3) the defendant intended to induce plaintiff to act; (4) the plaintiff justifiably relied on the statement; and (5) the plaintiff was injured as a result.  *Ass'n. Benefit Servs., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 852 (7th Cir. 2007) (*quoting Williams v. Chi. Osteopathic Health Sys.,* 274 Ill. App. 3d 1039, 1048 (1st Dist. 1995)).  Even though Plaintiffs repeatedly use the phrase "made a false statement of material fact," they never actually allege what that statement was as it relates to the 2013 and 2017 contracts.

A complaint consisting of nothing but conclusory allegations and utterly devoid of facts capable of supporting the requisite elements of each count will not survive a motion to dismiss. *Riley v. Vilsack,* 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009).  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (*citing Twombly,* 550 U.S. at 556); *see also White v. Mercado,* 2011 U.S. Dist. LEXIS 38817 (N.D. Ill. April 8, 2011) (dismissing complaint, which was bereft of any facts explaining how the statute at issue was unconstitutional, and merely set forth the language of the statute and legal jargon referencing various constitutional rights and amendments).  Plaintiffs' threadbare fraud recitals, which fail to state a claim, require dismissal.

### G. CPAA Has Not Properly Pled a Class Action so Counts 10, 11, 12 and 13 Should Be Dismissed.

Counts 10 through 13 are brought by the CPAA on behalf of Khan, Taylor, and similarly or substantially similarly situated member principals; thus appear to be alleging class claims.  Federal

Rule of Civil Procedure 23 governs the certification of class actions in federal court and allows a member of a class to sue as a representative party on behalf of the class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiffs have failed to meet these prerequisites, particularly numerosity and commonality. Plaintiffs fail to allege the either the membership size of the CPAA or more importantly, the number of CPAA members who were removed from their schools pursuant to 105 ILCS 5/34-8.3(d). Additionally, Plaintiffs fail to allege the questions of law and fact which are common among the CPAA members who were removed as principal from a school pursuant to 105 ILCS 34/8.3(d). Accordingly, CPAA cannot bring Counts 10 through 13 on behalf of some unknown number of members, and they should be dismissed.

Even if the Court were to determine CPAA has the ability to bring these claims on behalf of its members, Counts 10, 11, 12 and 13 should be dismissed for failing to properly plead the claim.

### 1. Breach of Contract (Count 10)

In Illinois, a plaintiff complaining of breach of contract must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Again, in the instant matters, the CPAA includes the buzz words contained within a breach of contract claim, but their generic allegations do not identify the existence of an actual valid principal contract. Taylor's contract is not described (i.e. term dates and applicable school) and no other principal is identified. Therefore, the Board is left to guess which contracts are at issue in Count 10. Additionally, the CPAA fails to include any specific allegations to clarify the broad claims that the Board breached these unknown contracts by "removing principals … without

14

due process" and "failing to compensate principals for the full terms of the contracts."  Moreover, threatening to terminate, acting in bad faith, and dealing unfairly with principals do not allege a breach of an employment contract.  *See R.S. & v. Co. v. Atlas Van Lines, Inc.*, 917 F.2d 348, 352 (7th Cir. 1990) ("[I]t is not a breach of contract to threaten to do something you have a perfect right to do.").  Consequently, the CPAA has failed to allege a breach of contract claim.

### 2.  Due Process (Count 11)

CPAA's attempt to allege a violation of due process also fails because of the lack of specificity in its allegations in Count 11.  CPAA claims its members are entitled to "a full trial-type hearing, with the right to confront and cross-examine witnesses" when principal contracts are "terminated or reassigned."  Dkt. #132, ¶ 307.  CPAA provides no explanation as to what type of termination their members faced (such as under 105 ILCS 5/34-85 for cause or under a specific term of the contract) or what "reassigned" means (such as to another principalship or other positions in CPS).  If the CPAA is referring to removal under 105 ILCS 5/34-8.3(d), as stated *supra*, due process in those circumstances requires only oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell her side of the story.  *Head,* 1999 U.S. Dist. LEXIS 9003, *15.  Accordingly, Count 11 should be dismissed.

### 3.  Constructive Discharge (Count 12)

The Illinois Supreme Court has never recognized a cause of action for constructive discharge.  *E.g., Metzger v. DaRosa,* 805 N.E. 2d 1165, 1173 (Ill. 2004) ("This court has consistently sought to restrict the common law tort of retaliatory discharge. . . .  We have . . . *never* recognized a common law tort for any injury short of actual discharge."); *Zimmerman v. Buchheit of Sparta, Inc.,* 645 N.E. 2d 877, 882 (Ill. 1994) ("We note that Illinois courts have refused to accept a 'constructive discharge' concept."); *Hartlein v. Ill. Power Co.,* 601 N.E. 2d 720, 730, (Ill. 1992) ("We further decline

to expand the tort of retaliatory discharge, on these facts, to encompass the concept of 'constructive discharge.'").  Therefore, Count 12 should be dismissed for failing to state a claim.

### 4.  ERISA (Count 13)

As a general rule, an employee benefit plan established or maintained by a public school is a "governmental plan" and is not subject to ERISA.  *DeBartolo v. Indian Prairie Sch. Dist. No. 204*, 2008 U.S. Dist. LEXIS 59239, *3 (N.D. Ill. Aug. 5, 2008) (The complaint expressly alleges that Defendant maintains and administers the Plan in this case, which makes it a governmental plan for purposes of ERISA);  *Krystyniak v. Lake Zurich Community Unit Dist. No. 95,* 783 F. Supp. 354, 355 (N.D. Ill. 1991) (school district's employee welfare benefit plan was exempt from ERISA); *Mudra v. School City of Hammond,* 2004 U.S. Dist. LEXIS 27829, *11 (N.D. Ind. Feb. 6, 2004) (the defendant school was "a political subdivision of the state and thus not subject to ERISA.").  CPAA alleges the Board has an employee pension plan available to its members.  ECF No. 132, ¶ 326.  CPAA does not allege that the Board's plan includes private employers, nor can it. On its face, therefore, Count 13 fails to state a claim for relief, and must be dismissed.

### H. Counts 16 Through 18 Should Be Dismissed Because Plaintiffs Cannot Plead Conspiracy Claims Against the Board Defendants.

The intracorporate conspiracy doctrine mandates dismissal of Counts 16, 17, 18, which allege conspiracy under 42 U.S.C. § 1983 and § 1985(2).  Under that doctrine, a conspiracy cannot exist between members of the same governmental entity nor between the entity and one of its employees. *Payton v. Rush-Presbyterian-St. Luke's Medical Center,* 184 F.3d 623, 632-33 (7th Cir. 1999); *see also Aida Food & Liquor, Inc. v. City of Chicago,* 2004 U.S. Dist. LEXIS 5464 (N.D. Ill. March 31, 2004)*; Frazier v. Harris,* 266 F. Supp. 2d 853, 870-71 (C.D. Ill. 2003).  Counts 16, 17 and 18 allege conspiracy between various Board employees, and those counts should be dismissed for failing to state a claim.

I.   **Count 19 – Familial Relations – and Count 27 – Breach of Fiduciary Duty - Fail to State Causes of Action.**

1.   **Familial Relations (Count 19)**

Count 19 claims Khan has a "constitutional liberty interest" in familial relations.  Dkt. #132 at ¶¶ 372, 375, 377, 378.  The Supreme Court has routinely recognized that the Due Process Clause of the Fourteenth Amendment "protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition.'" *Moore v. City of East Cleveland*, 431 U.S. 494, 503 (1977).  The Court has also emphasized its reluctance to blindly declare certain substantive liberty interests.  *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) ("But we 'have always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this unchartered area are scarce and open-ended.'").

Khan asserts the Board is depriving her of her liberty interests in her familial relation with her son and in controlling her son's education.  *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925), held that parents have the right to send their children to private schools.  The Board acknowledges that Khan, as a mother, has the right to direct the education of her son by choosing to send him to a private school.

Khan has no right, however, to send her son to the public school of her choice.  For example, if Khan lives in Chicago, she has no constitutional right to send her son to school in Evanston.  Further, Khan has no liberty interest in entering Board premises at any time, regardless of any disruption her intrusion might cause.  As Plaintiffs fail to allege actual constitutional liberty interests that the Board is violating, Count 19 should be dismissed.

2.   **Brach of Fiduciary Duty (Count 27)**

To state a cause of action for breach of fiduciary duty under Illinois law, a plaintiff must allege and ultimately prove: (1) a fiduciary duty on the part of defendant; (2) a breach of that duty; (3) an injury; and (4) a proximate cause between the breach and the injury.  *Alpha School Bus Co. v.*

*Wagner,* 391 Ill. App. 3d 722, 747 (1st Dist. 2009). Plaintiffs have failed to allege the source of any fiduciary duty Saffold owed to Khan, her supervisee. Plaintiffs have failed to allege that the Board breached its fiduciary duty to Khan, as EKB's parent, or to EKB, as its student. Employees, officers and directors owe a duty of loyalty to their employer (*Mullaney, Wells & Co. v. Savage*, 78 Ill. 2d 534, 546-47 (1980)), which prevents them from acting inconsistently with their agency. Consequently, an employee cannot solicit his employer's customers for himself. *Lawlor v. North Am. Corp. of Ill.*, 2012 IL 112530, ¶ 69. Defendants can find no reciprocal duty that employers owe to employees. Khan's claim against Saffold should therefore be dismissed.

Khan claims the Board has a fiduciary duty to act in the best interests of Khan and EKB. The Board could find no Illinois case establishing such a duty. And even if it had a fiduciary duty, Khan has not explained how her inability to accompany EKB to school for one week violated any such duty. The FAC is bereft of facts supporting Khan's contention she must accompany EKB to school, such as whether EKB is of an age requiring a parent to accompany him/her to school, whether EKB is impaired thus requiring parental accompaniment to school, why Khan cannot drive EKB to school, etc. Accordingly, Count 27 should be dismissed for failing to state a claim.

**J.  Plaintiff Fails to Allege a Claim for Tortious Interference with Contract (Count 21).**

To state a claim for tortious interference with contract under Illinois law, a plaintiff must plead the following elements: (1) the existence of a valid and enforceable contract between the plaintiff and a third party, of the plaintiff's reasonable expectation of entering into a contract with a third party; (2) the defendant's awareness of this contract or expectancy; (3) the defendant's intentional and unjustified inducement of a resulting breach by the third party or the defendant's purposeful interference to defeat the expectancy; and (4) resulting damages. *See, e.g., Prince v. Zazove*, 959 F.2d 1395, 1397 (7th Cir. 1992); *Agnew v. Board of Education of the City of City*, 1998 U.S. Dist. LEXIS 10195, *18 (N.D. Ill. July 7, 2998).

Plaintiffs do not allege facts which demonstrate that Saffold and Sanders acted with purpose; rather, they simply state conclusively that they did. In addition, Plaintiffs have not alleged any damages in order to state a claim. *See* Dkt. #132, ¶¶ 403-08. "Illinois courts have consistently held that the plaintiff must allege . . . facts which demonstrate that the defendants acted with the purpose of injuring the plaintiff's expectancies." *Mercury Skyline Yacht Charters v. Dave Matthews Band, Inc.*, 2005 U.S. Dist. LEXIS 29663, *25 (N.D. Ill. Nov. 22, 2005); *See Panter v. Marshall Field & Co.*, 646 F.2d 271, 298 (7th Cir. 1981). Plaintiffs state that Saffold and Sanders intentionally caused the Board to effectively terminate Khan's employment, when this is simply not the case. Khan has not been terminated, and her 2013 and 2017 contracts have not been interfered with. There are no facts alleged as to how Sanders and Saffold interfered with her 2013 and 2017 contracts. Therefore, Count 21 must be dismissed for failure to state a claim.

### K. As the Sherman Act Does Not Apply to the Board, Count 22 Should Be Dismissed.

Because the Board is a not-for-profit entity lacking commercial objectives, the Sherman Act does not apply. Supreme Court decisions emphasize that Congress intended the Sherman Act to apply only to business combinations with commercial objectives. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 141 (1961) (proscriptions of the Sherman Act were "tailored . . . for the business world"); *Klor's, Inc. v. Broadway-Hale Stores*, 359 U.S. 207, 213 n.7 (1959) (Sherman Act "is aimed primarily at combinations having commercial objectives and is applied only to a very limited extent to organizations, like labor unions, which normally have other objectives"); *Parker v. Brown*, 317 U.S. 341, 351 (1943) (Sherman Act applies to business combinations, not state action, relying on statement by Sen. Sherman); s*ee also Marjorie Webster Junior College, Inc. v. Middle States Association of Colleges & Secondary Schools, Inc.*, 432 F.2d 650, 654-55 (D.C. Cir. 1970), *cert. denied*, 400 U.S. 965 (1970) (noncommercial activities of nonprofit college accreditation association outside the scope of the Sherman Act); *Swan v. First Church of Christ, Scientist*,

19

225 F.2d 745, 751 (9th Cir. 1955) (church authorities' efforts to hinder publication and dissemination of book among its members bears no resemblance to "trade or commerce" under the Sherman Act). As the Sherman Act does not apply to the Board, it cannot apply to individual Board Defendants, who also are not engaged in commercial enterprises.

Moreover, "a successful claim under Section 1 of the Sherman Act requires proof of three elements: (1) a contract, combination, or conspiracy; (2) a resultant unreasonable restraint of trade in the relevant market; and (3) an accompanying injury." *Denny's Marina, Inc. v. Renfro Prods., Inc.,* 8 F.3d 1217, 1220 (7th Cir. 1993) (citations omitted). A jurisdictional prerequisite to such a claim is that defendants' activities affect interstate commerce. *Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778-80 (7th Cir. 1994). The allegations in Count 22 focus on the removal of Khan as principal and the concomitant "restraint of trade in the Chicago Public School administration market and Chicago Public Schools supplies market." Even under the most liberal interpretation, these are not the trade or commerce contemplated by the Sherman Act. Accordingly, Count 22 should be dismissed.

**CONCLUSION**

For the reasons stated above, the Board Defendants respectfully request this Court grant their Motion and dismiss Plaintiffs' Fourth Amended Complaint (Dkt. #132).

Respectfully submitted,

Ronald L. Marmer, General Counsel

By:    s/*Kathleen M. Gibbons*
        Kathleen M. Gibbons
        Senior Assistant General Counsel
        Sarah K. Quinn
        Assistant General Counsel
        Board of Education of the City of Chicago
        Law Department,
        One North Dearborn, Suite 900
        Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

I, Kathleen M. Gibbons, an attorney do hereby certify that I caused the attached **Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Memorandum in Support Therefore** to be served upon *pro se* plaintiff *via* United States mail and CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 9th day of March, 2017.

*s/ Kathleen M. Gibbons*