UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAHEENA KHAN et al.,

   Plaintiffs,

      v.

BOARD OF EDUCATION OF THE
CITY OF CHICAGO et al.,

   Defendants.

No. 1:16-cv-8668

Judge Manish S. Shah

## CPAA'S RESPONSE TO
## CPS MOTION TO DISMISS FOURTH AMENDED COMPLAINT

The various defendants in this case have filed a total of three separate motions to dismiss the 31 claims raised in the Fourth Amended Complaint (Dkt. 132). *See* Dkts. 170, 171 (Scholastic); 173 (CPS Defendants); 183, 184 (Sedgewick). The motions filed by Scholastic and Sedgewick are directed only at claims that have not been raised by CPAA, and so CPAA does not address them here. CPAA instead limits its response to the motion filed by the CPS Defendants.

Of the 31 counts in the Fourth Amended Complaint, CPAA is a plaintiff in only some of the counts addressed by the motion to dismiss, so CPAA takes no position on many of CPS' arguments. As discussed in more detail below, CPAA asks leave of court to voluntarily withdraw Counts 10 through 13, but the motion to dismiss the remaining counts in which CPAA is a plaintiff should otherwise be denied.

### ARGUMENT[1]

#### A. Standard of Review

CPS accurately states the legal standard on a motion to dismiss. Of note,

---

[1] For easy comparison, CPAA's response tracks the organization of CPS' motion to dismiss.

however, is the overriding principle that a complaint should not be dismissed unless it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). This principle is particularly relevant here given CPS' lead argument, which is that the complaint should be dismissed in its entirety for failure to comply with Rule 8. In light of *Ledford*, even if, for the sake of argument, the Court were to deem the complaint in its current form too unwieldly, that does not then require the Court to dismiss the complaint with prejudice as a remedy. The proper question on a motion to dismiss is instead simply whether the complaint states a claim for which relief can be granted.

**B. The Complaint Should Not Be Dismissed for Failure to Comply with Rule 8**

CPS' lead argument is that the fourth amended complaint should be dismissed in its entirety for two reasons.[2] First, CPS contends that the complaint is too long, unwieldy, and contains "a barrage of facts that are irrelevant to any of their plethora of claims against the host of Defendants." CPS Memo (Dkt. 173), at 5. Second, CPS asserts that the fourth amended complaint's "'shotgun' pleading makes it virtually impossible to know which allegations of fact are intended to support which claims(s) for relief." *Id.* According to CPS, these issues mean that the complaint violates Rule 8's requirement that a complaint contain a "short and plain statement of the claim

---

[2] CPAA responds to this argument because it seeks dismissal of the fourth amended complaint as a whole, which presumably includes CPAA's claims. CPAA does not intend for its response to be taken as a position on the merits, one way or the other, on any particular claim asserted by any of the other plaintiffs.

2

showing the pleader is entitled to relief," and should therefore be dismissed as a whole.

In support of its first argument, CPS relies almost exclusively on *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). In *Lockheed*, the Seventh Circuit upheld the district court's decision to dismiss with prejudice the plaintiff's third amended complaint, which "broke the scale" at 109 pages consisting of 345 numbered paragraphs, along with 74 lengthy attachments. *Id.* at 376. But the complaint in *Lockheed* had bigger problems: the supposed claim that the plaintiff was trying to allege was fraud, which under Rule 9(b) must be pled with particularity and which the plaintiff was unable to do even after three previous tries were rejected by the court. *See id.* Moreover, the district court dismissed the complaint with prejudice only after giving the plaintiff the opportunity to clarify his claims by filing a more definite statement, which resulted in an even more convoluted filing consisting of 23 single-spaced pages along with 25 new attachments. *Id.* Even on appeal, the plaintiff was unable to identify specific facts in the complaint that supported his fraud claim with sufficient particularity. *See id.*

This case is not remotely like *Lockheed*. CPS analogizes to *Lockheed* solely based on the length of the fourth amended complaint, which CPS clams "surpasses the *Lockheed* case at 507 paragraphs over 31 counts in 76 pages." CPS Memo, at 5. That is an accurate but misleading statement; the factual allegations are actually limited to only 230 paragraphs covering about 30 double-spaced pages, which makes the

3

substantive allegations (rather than the legal counts) less than a third as long as the final *Lockheed* complaint, even not including *Lockheed*'s supplemental statement.

But more important than length to the Seventh Circuit's decision in *Lockheed* was the fact that the complaint was unintelligible. Indeed, as the court pointed out, "[s]urplussage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading." *Id.* at 378 (quotation marks omitted). The complaint in *Lockheed* was ultimately dismissed because it failed to state a claim for fraud with particularity under Rule 9(b) despite multiple attempts, not because it was too long.

This distinction is well illustrated in a subsequent case, *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013), which dealt with what the defendant claimed was a 99-page complaint, but was in fact only about 28 pages long in substance. As the Seventh Circuit pointed out, "[l]ength and unintelligibility, as grounds for dismissal of a complaint, need to be distinguished," due to the fact that "a complaint may be long not because the draftsman is incompetent or is seeking to obfuscate ('serving up a muddle' to the judge, as such complaints are sometimes described), but because it contains a large number of distinct charges." *Id.* Noting that the multiplicity of charges was what necessitated the length of the complaint in *Kadamovas*, the

4

Seventh Circuit reversed the district court's dismissal of the complaint. *See id.* ("Brevity must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish their plausibility—and the Supreme Court requires that a complaint establish the plausibility of its claims.").

Similar to *Kadamovas*, the length of the complaint here is due almost entirely to the fact that there are multiple plaintiffs and multiple claims. Given that federal courts require enough facts to be pled to show plausibility, "complaints are likely to be longer." *Id.* at 845. The problem with CPS' argument is that CPS presumes that length necessarily equates to unintelligibility. It does not, and as the Seventh Circuit explained in *Kadamovas*, it is the intelligibility of a complaint, not its length, that matters. Indeed, despite CPS' complaints about surplussage and irrelevancies (none of which, it should be noted, CPS actually identifies), based on the arguments in the rest of its memorandum in support of its motion, it appears to have had no trouble understanding what the claims at issue in this case are. There is consequently no basis to dismiss the fourth amended complaint in its entirety due its length.

The response is similar to CPS' argument that the complaint should be dismissed because it is a "shotgun pleading." CPS Memo, at 5. It is certainly true that shotgun pleading is not a best practice, but this does not mean that dismissal of the complaint as a whole is required if it happens. In fact, none of the three cases cited by CPS in support of this contention stand for that proposition. In *CustomGuide v.*

*CareerBuilder*, LLC, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011), while the court criticized the plaintiff's incorporation by reference of all previous paragraphs of the complaint in support of a claim for misappropriation, it did *not* dismiss the entire complaint because of it but instead dismissed only the count at issue on that ground, and even then only without prejudice. Similarly, in *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996), while the Eleventh Circuit also criticized shotgun pleading, it noted that the proper remedy is to file a motion for a more definite statement, which the defendants neglected to do. Instead, the defendants filed an answer with numerous affirmative defenses, one of which was qualified immunity. In fact, it was the defendants' appeal from the denial of qualified immunity that was at issue on appeal, not dismissal of the complaint due to shotgun pleading. *Id.* And finally, while *Stanard v. Nygen*, 658 F.3d 792, 800 (7th Cir. 2011), did deal with the dismissal of a complaint in its entirety, the complaint's failure was not due to shotgun pleading. Its rampant shortcomings were instead, as the Seventh Circuit summarized, lack of punctuation, near incomprehensibility, failure to follow basic directions, failure to put the defendants on notice, and grammatical and stylistic errors. *See id.* at 798-800. Collectively, these problems were enough that the Seventh Circuit affirmed the district court's denial of leave to amend the complaint after the plaintiff had already failed three times to plead an intelligible cause of action.

In sum, these cases do not support CPS' contention that the complaint should be dismissed as a whole because it employs shotgun pleading. Instead, they show that

the claims contained in the complaint must be evaluated on their own merits. Moreover, it is worth noting that while this is nominally the fourth amended complaint, it is the first version that has been tested by a motion to dismiss. Unlike the cases cited by CPS, this is not a situation where the Court has previously directed the plaintiffs to fix deficiencies in the complaint and they have been unable to do so. CPS' motion to dismiss the complaint in its entirety on this basis should therefore be denied.

### C. Dismissal of Beimler, Kreiger, Ali, Crosby, and Owens LSC as Defendants

CPS next argues that any claims against defendants Beimler, Krieger, Ali, Crosby, and Owens LSC should be dismissed. To be clear, in case it was not already: CPAA's claims are, and have always been, against CPS as an entity, not against any individual defendant. CPAA takes no position on whether these individuals and the Owens LSC should remain as defendants in this case to the extent that they may be proper defendants for the claims of other plaintiffs.

### D. Dismissal of Aldridge and Owens LSCs

CPS argues that the Aldridge and Owens LSCs are not proper plaintiffs in this case because their interests are not aligned with Khan's, and they are also not proper defendants because they have no independent legal existence.

Neither CPAA nor its counsel represents the LSCs, and so CPAA takes no position on whether they are proper plaintiffs. Additionally, the LSCs are not defendants in any claim brought by CPAA, and Khan has terminated her

7

membership in CPAA and prohibited it from representing her interests in this matter. *See* Dkt. 177, ¶ 3. CPAA therefore takes no position on whether the LSCs should remain in this case as defendants to any claims brought by any other plaintiff.

### E. Claims for Declaratory and Injunctive Relief

CPS next argues that counts 1 through 8 fail to sufficiently alleged claims for declaratory and injunctive relief. First, CPS argues that the counts do not allege any actual controversy and instead simply seek an advisory opinion. Second, CPS argues that declaratory and injunctive relief are premature because it has offered Khan a hearing that comports with due process.

#### 1. Counts 1 and 2 allege a current controversy

CPS contends that counts 1, 2, 4, and 8 should be dismissed because they "ask this Court to give an advisory opinion based on hypothetical facts." CPS Memo, at 10. Of these four counts, CPAA is a plaintiff in only counts 1 and 2 (*see* 4AC, ¶¶ 237, 242, 254)[3] so it responds only to CPS' arguments as to those counts.

With respect to count 1, CPS claims only that it is deficient because it "does not describe the Board's accountability system, making it impossible for this Court to determine whether ESEA preempts 105 ILCS 5/34-8.3." CPS Memo, at 10. This argument does not, however, explain why there is no current controversy. Instead,

---

[3] Count 8 refers only to "Plaintiffs" in general in its prayer for relief. *See* 4AC, ¶ 283. For the sake of clarity, CPAA has never intended to assert any independent claim on its own behalf against Sedgewick or CPS regarding the short-term disability plan.

8

CPS' contention appears to be that there are insufficient facts in the complaint to *prove* the claim, which is a different argument entirely and is more suited for summary judgment or trial. This appears to be the sum total of CPS argument against count 1, but it is well established that plaintiffs are not required to prove their claims at this stage in the case. As the Seventh Circuit has stated, "[a] complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence. Indeed, [l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiffs will, of course, ultimately need to produce evidence for their claims, but only after the record has been developed in discovery. Indeed, it is unlikely that the Court could rule on the preemption question without a developed factual record regarding the accountability system, but that simply shows the need for discovery, not dismissal. Further, it is strange that CPS argues that count 1 needs more information about the accountability system, when it complained only pages before that the complaint contains too *much* information and is too long in contravention of Rule 8. If more details are what CPS wants they could be provided, but that seems a poor use of everyone's time when CPA is aware of the nature of the claim and discovery would produce the same details, particularly when CPS argues only that there are insufficient details, not that a controversy does not exist. CPS' motion to

dismiss count 1 should therefore be denied.

As for count 2, CPS argues that it "creates a fictional scenario in which the Board is terminating the principal contracts of Khan and other unknown principals, but do not cite actual facts." CPS Memo, at 5. Again, this argument appears to be that the complaint does not contain enough facts, not that a controversy does not exist. But the complaint is quite clear what the controversy is as it relates to count 2: CPS is using the 8.3 process as a means of wrongfully terminating the contracts of principals, and the plaintiffs believe that the 8.3 process violates procedural due process. *See, e.g.*, 4AC, ¶¶ 195-99, 220-23, 239-41. That is certainly a current controversy that is amenable to adjudication and declaratory and injunctive relief. CPS does not seem to argue otherwise, instead simply asserting that the complaint "do[es] not cite actual facts." CPS Memo, at 5. But as noted above, details and evidence to prove the claims are a matter for discovery, summary judgment, and trial, not the pleadings, which are only intended to provide notice of the claim. *See* Fed. R. Civ. P. 8.

To the extent that CPS claims the facts alleged regarding the termination of principal contracts are "fictional" (CPS Memo, at 5), denial of those facts in an answer followed by adjudication on the merits is the appropriate response, not dismissal. The complaint has alleged enough facts to put CPS on notice of the claims against it, which is all that is required at this stage in the case. *See Tamayo*, 526 F.3d at 1081. Whether the facts alleged are "fictional," as CPS claims, is a question

that must be resolved later through discovery or by the trier of fact, not on the pleadings. CPS' motion to dismiss count 2 should therefore be denied.

### 2. Counts 3 and 5 are not premature

CPS' label for its next argument is that Counts 3 and 5 are premature, but that is not its actual argument.[4] *See* CPS Memo, at 10. Instead, CPS argues it "has offered Khan all the process she is due," so "her procedural due process claims should be rejected." CPS Memo, at 11.

The problem, of course, is that this case is at the pleading stage, at which all well-pleaded allegations in the complaint must be taken as true. So far as CPAA's claim is concerned, the complaint alleges that principals are entitled to due process before termination and that the 8.3 hearings do not satisfy that standard. *See, e.g.*, 4AC, ¶¶ 245, 257-258, 260). CPS clearly disagrees with that premise, but simply denying the allegations it is not a basis for dismissing a claim, given that they are assumed to be true at this stage in this case. Nor may a defendant seek to introduce evidence outside of the pleadings in support of its motion to dismiss. *See* Fed. R. Civ. P. 12(d).

Moreover, regardless of whether Khan has been offered sufficient due process, that does not resolve the issue of whether other principals who are facing termination through an 8.3 hearing will be similarly afforded sufficient process. That is the core of CPAA's interest in this case, and it is the reason why it seeks declaratory and injunctive relief on behalf of all its member principals, not just

---

[4] CPAA is not a plaintiff in counts 6 and 7 (*see* 4AC, ¶¶ 266, 274), so it responds only to CPS' argument as to counts 3 and 5.

Khan. Even if Khan's individual due-process claim are deficient because CPS has offered her a hearing and she has not participated in it, or if the hearing in her individual case comports with due process, that does not then remedy the same problem for other principals facing an 8.3 hearing. Consequently, regardless of whether Khan's personal claim on this issue proceeds, it has no impact on CPAA's claim on behalf of its other member principles.

CPS further makes an undeveloped assertion regarding the plaintiff's claims in counts 5 through 7 that 8.3(d) is unconstitutionally vague. *See* CPS Memo, at 11. CPS quotes some general rules regarding a vagueness claim, but then does not actually make any argument about it. It is well settled that "undeveloped and merely perfunctory arguments" are waived. *See, e.g., United States v. Mandell*, 2014 U.S. Dist. LEXIS 155253, *50 (N.D. Ill. Nov. 3, 2014) (citing, among others, *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012)). CPAA has no idea where CPS intended to go with this issue, and since CPS made no argument about it, CPAA cannot meaningfully respond to it. Consequently, to the extent that CPS seeks dismissal of count 5 on this undeveloped basis, it should be deemed waived and the motion should be summarily denied.

### F. Counts 9, 29, and 30

CPS next argues that Counts 9, 29, and 30 should be dismissed for failure to allege sufficient facts to state plausible claims for reformation of contracts, anticipatory repudiation, and fraud.

These three counts are brought solely by Khan, and they relate only to Khan's

12

individual contracts rather than the contracts of principals in general. Khan has terminated her membership in CPAA and prohibited it from representing her interests in this matter. *See* Dkt. 177, ¶ 3. Because these counts are brought only by Khan as a plaintiff, CPAA takes no position on this issue.

### G. Counts 10 through 13

CPS next argues that Counts 10 through 13, in which CPAA seeks monetary damages (rather than declaratory and injunctive relief) on behalf of its members, should be dismissed because CPAA has not sufficiently pled a class action.

CPAA asks leave of Court to withdraw these four counts. As pled in the Fourth Amended Complaint, these claims were premised on the assignment of damages claims by CPAA members—specifically, Shaheena Khan and Trudy Taylor—to CPAA to pursue on their behalf. *See, e.g.*, 4AC, ¶ 294 ("The known CPAA standing members have assigned their causes of action for breach of contract to CPAA."); *see also, e.g.,* ¶¶ 309, 318, 332 (same). Khan, however, has revoked her assignment of these damages claims to CPAA and terminated her membership in CPAA as well as any authorization for CPAA represent her interests in this matter. *See* Dkt.177, ¶ 3. Taylor has also revoked her assignment and is now represented by separate counsel. *See* Dkt. 180.

Based on these developments, CPAA has elected not to pursue counts 10 through 13 to the extent that they seek monetary damages on behalf of CPAA members, and therefore asks leave of Court to withdraw those four counts as claims by CPAA.

13

### H. Counts 16 through 18

These three counts are brought solely by Khan, who has terminated her membership in CPAA and prohibited it from representing her interests in this matter. *See* Dkt. 177, ¶ 3. Because these counts are brought only by Khan as a plaintiff, CPAA takes no position on this issue.

### I. Counts 19 and 27

These two counts are also brought solely by Khan, and CPAA therefore takes no position on this issue.

### J. Count 21

This count is also brought solely by Khan. CPAA therefore takes no position on this issue.

### K. Count 22

This count is also brought solely by Khan. CPAA therefore takes no position on this issue.

### CONCLUSION

For the reasons discussed above, CPAA respectfully requests leave of Court to withdraw its claims in counts 10 through 13. Defendants' motion to dismiss CPAA's claims for declaratory and injunctive relief should be otherwise denied.

Respectfully Submitted,

*s/ James G. Vanzant*
Attorney for CPAA

James G. Vanzant, Esq.
BLAINE & VANZANT, LLP

921 Brown Avenue  
Evanston, Illinois 60202  
Tel.: (312) 788-7584  
E-mail: jgv@blainevanzant.com

CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document was filed and served on all counsel of record via the Court's ECF system.

*s/ James G. Vanzant*
_____