SHAHEENA KHAN, et al.,

       Plaintiffs,

   v.

BOARD OF EDUCATION OF THE CITY OF
CHICAGO, et al.,

       Defendants.

No. 16 CV 8668

Judge Manish S. Shah

## ORDER

Defendant Sedgwick's motion to dismiss [183] is granted. Count 8 is dismissed with prejudice as to Sedgwick. Defendant Scholastic's motion to dismiss [170] is granted. Counts 21, 22, and 28 against Scholastic are dismissed with prejudice. Plaintiff Khan's motion to compel arbitration and for a partial stay [203] is denied. The remaining motions to dismiss and the motion for sanctions remain under advisement and rulings will issue by separate orders.

## STATEMENT

*Sedgwick's Motion to Dismiss*

Count Eight of the operative amended complaint seeks a declaration that the Chicago Board of Education's rules and procedures for processing claims for short-term disability benefits are unlawful because they require employees to consent to the release of medical information. Defendant Sedgwick Claims Management Services reviews applications for benefits under the Board's rules and regulations. [132] ¶ 278. There is no allegation that Sedgwick has any say in the development or promulgation of the Board's rules or that there is any realistic prospect that Sedgwick intends to apply the Board's rules in an unlawful manner. As Sedgwick points out, this count is really directed at the Board, not Sedgwick. Plaintiff Shaheena Khan has agreed to voluntarily withdraw the claim (as to both the Board and Sedgwick). [189] at 5; [191]. A voluntary dismissal without prejudice is permitted, and automatic, under Rule 41(a)(1)(A)(i) where the defendant has not filed an answer or a motion for summary judgment. But only plaintiff Khan filed such a notice, and the complaint brings Count 8 on behalf of all plaintiffs. [132] ¶¶ 275, 283 (referring to "plaintiffs"). The other plaintiffs have not responded to Sedgwick's motion to dismiss, thereby forfeiting any arguments in response. *See*

*Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). The complaint also seeks damages against Sedgwick, [132] ¶ 494, although there are no substantive claims for damages against that defendant. A dismissal of Sedgwick with prejudice is appropriate because the complaint does not state a claim against it, and based on the multiple amendments plaintiffs have attempted, there is no reason to believe that any plaintiff has a viable claim against Sedgwick. Plaintiffs, through their non-response to the merits of the motion to dismiss, have conceded that they unnecessarily haled Sedgwick into this case. Sedgwick's motion to dismiss is granted and the claim against it is dismissed with prejudice.

## Scholastic's Motion to Dismiss

The complaint alleges that defendant Scholastic, Inc., conspired with certain other defendants to skirt procurement procedures and sell its products to the school where plaintiff Khan was principal. This caused Khan to speak out against waste and abuse, and in turn, led to her ouster as principal. Khan brings claims against Scholastic for tortious interference with contract, unlawful restraint of trade in violation of the Sherman Act, and (together with her minor child) negligence.

The negligence claim alleges that Scholastic owed a duty to exercise reasonable care in complying with the Board's procurement procedures. Khan's theory is that by allegedly going around her (the school principal) in selling its products, Scholastic breached the rules and set in motion the events of Khan's removal from her job. Khan cites no authority for the proposition that a violation of Board procurement rules is a breach of a tort duty owed to school principals (and their families). Indeed, a legal duty is normally not established through rules or internal guidelines. *See Blankenship v. Peoria Park Dist.*, 269 Ill.App.3d 416, 422 (3d Dist. 1994). Unlike a statute or ordinance designed to protect human life or property, *Kalata v. Anheuser-Busch Companies, Inc.*, 144 Ill.2d 425, 434 (1991), nothing about the Board's policies for the procurement of supplies suggests a tort duty that runs between a vendor and a school principal (and her child). A duty exists when "the plaintiff and the defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Bogenberger v. Pi Kappa Alpha Corp., Inc.*, 2018 IL 120951, ¶ 22 (2018) (citing *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140 (1990)). The Board's procurement policies do not create a code of conduct between vendors and school principals, for the benefit of principals, and therefore the complaint fails to allege a claim for negligence.

The elements of tortious interference with contract include: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; and (3) the defendant's intentional and unjustified inducement of a breach of the contract. *Koehler v. Packer Grp., Inc.*, 2016 IL App (1st) 142767, ¶ 42, 53 N.E.3d 218, 237 (2016). Khan alleges

that Scholastic knew of her contract to be a school principal because: Scholastic dealt with her regularly as the principal of Aldridge Elementary School; the Board published a report with the start and end dates of her contract; and the Illinois School Code provides that local school councils select principals to serve under a contract. These allegations are sufficient to support an inference that Scholastic knew Khan was under contract to be Aldridge's principal, but missing is any suggestion that Scholastic knew that the manner of Khan's removal ran afoul of her contractual relations. In other words, there is no allegation that Scholastic knowingly participated in, or intentionally caused, the alleged breach of contract. There is nothing in the complaint to suggest that Scholastic's conduct—the sale of products—was designed to get rid of Khan; to the contrary, the detailed allegations of the complaint suggest that Karen Saffold was the instigator of Khan's removal. There are no allegations suggesting that Scholastic actively took steps to encourage Khan's removal. Saffold may have wanted Khan to favor certain vendors, like Scholastic, but this does not place any responsibility onto Scholastic for Khan's contractual woes. The complaint does not state a claim for tortious interference against Scholastic.

Khan's antitrust claim alleges that various Chicago Public Schools/Chicago Board of Education employees conspired to remove Khan as the principal of Aldridge. [132] ¶ 413. Scholastic "participated" in that agreement by engaging in transactions with Saffold. *Id.* ¶ 414. The agreement was anticompetitive, says Khan, because it caused Khan to lose her job, and caused the school to spend more money than it should have spent. *Id.* ¶ 415. It also increased the cost of public education and lowered the quality of education. *Id.* ¶¶ 417–18. This is not the "restraint of trade" targeted by the Sherman Act. The complaint fails to allege a relevant market or a cognizable anticompetitive effect on that market. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 335 (7th Cir. 2012). The theory seems to be that public education would be more costly without Khan as principal of Aldridge, but this does not plausibly allege that any consumer of public education would actually pay more as a result of the alleged conspiracy. In addition, Scholastic is alleged to have "participated" by selling its products to Saffold, but it is not alleged to have agreed—conspired—with others to remove Khan for anticompetitive purposes. As discussed above in connection with the tortious interference claim, Scholastic was a bystander to the school system's relationship to Khan. Nothing about its alleged conduct suggests any action toward Khan—the purported object of the antitrust conspiracy. So even assuming Khan is a proper plaintiff for an antitrust claim, she has failed to state an antitrust violation. Count 28 against Scholastic is dismissed.

The dismissal of Counts 21, 22, and 28 against Scholastic is with prejudice because Khan has filed four complaints with detailed allegations, and as a result, there is no reason to believe an amended complaint would cure the deficiencies in these claims.

*Khan's Motion to Compel Arbitration*

Khan's 2013 contract contains an arbitration clause. It says that if the principal failed to obtain a rating of "meets" or "exceeds expectations" from the General Superintendent, and the Local School Council votes to renew the principal, then a member of the council can request a review of that decision by a hearing officer appointed by the American Arbitration Association. *See* [227-1] at 5–6; 105 ILCS 5/34-2.3. The hearing officer would decide whether the council's decision was arbitrary and capricious, or if the principal should be retained. *Id.*

It would seem that the point of this clause is to allow a *dissenting* member of the council, one who disagreed with the decision to renew a subpar principal, to seek review of that decision. There would be no reason for a council member who agreed with the decision to ask for a review. A dissatisfied superintendent or principal can seek review of a council's decision under the applicable statute. 105 ILCS 5/34-2.3.

In her motion, Khan seeks to compel the Board defendants to comply with her request for an arbitrator's review of the council's decision to retain her as principal. Khan says that as principal, she was a member of the council, and so can invoke this arbitration clause. The defendants argue that Khan was not the kind of council member who can seek review under this clause, because principals are ordinarily recused from council decisions relating to their retention. While I agree that the clause doesn't make sense when used by a principal who is pleased with a decision to be retained, the language in the contract does not carve out principals, and is not as limited as defendants argue.

Nevertheless, the motion to compel arbitration is denied. Neither side in this lawsuit is challenging the council's decision to renew Khan, so an arbitrator's confirmation of that decision would have no effect on the claims in this case. Khan alleges that the Board defendants engaged in improper conduct in removing her from her post, but an arbitrator's decision—which at most, would be limited to extending the 2013 contract under its preexisting terms to 2017, including its provisions for termination—would not change the lawfulness of the defendants' conduct. Khan identifies no claim in her operative complaint that is dependent on her desired arbitration, so there is no claim in the controversy currently before me that is subject to arbitration.

ENTER:

Manish S. Shah
United States District Judge

Date: March 5, 2018

4